[No. 1332, August 30, 1910.]

GEORGE A. DAVISSON, Plaintiff, Appellant, v. CITIZENS' NATIONAL BANK OF ROSWELL, N. M., Defendant, Appellee, and ETTA OWENS, Defendant, Appellant.

(SYLLABUS BY THE COURT.)

1.   Under the circumstances set out in the statement of facts, the appellee as holder of an escrow was not justified in delivering it to either party.

Appeal from the District Court for. Chaves County before W. H. POPE, Chief Justice. Reversed and remanded.

ED. S. GIBBANY and W. A. DUNN for Appellants.

Where a person responsible either by operation of law or express contract, to another has notice of a suit against the latter, and an opportunity to appear and defend, the judgment rendered in the action will be conclusive on him whether he appeared or not. 23 Cyc. 1270; Nathan v. Rehkopf, 57 Ill. App. 212; Robbins v. City of Chicago, 4 Wall. 657; American Bell Telephone Co. v. National Imp. Telephone Co., 27 Fed. 663; Doty v. Hawkins, 25 Amer.

Davisson v. Bank &·Owens.

Dec. 459; Wells v. American Express Co., Wis., 42 Am. Rep. 695; McAnally v. Chapman, 18 Tex. 198; Dushy v. Rudder, 80 Mo. 400; Bushnell v. Chautauqua Co., Nat. Bk. 74 N. Y. 290.

It is gross negligence of the bank, which is bailee of bonds by special deposit for which a receipt or certificate has been given, to deliver or dispose of them without direct authority from the depositor. Manhattan Bank v. Walker, 32 U. S. 959, 130 U. S. 267; Nathan v. Rehkopf, 57 Ill. App. 212; Preston v. Prather, 137 U. S. 604; Briggs v. Spaulding, 141 U. S. 150, 35 L. ed. 670; First National Bank v. First National Bank, 116 Ala. 532; Merchants National Bank v. Guilmarten, 17 L. R. A. 324; Merchants National Bank v. Carhart, 52 L. R. A. 776; Gray v. Merriam, 32 L. R. A. 772.

Fraud and misrepresentation. 9 Pl. & Pr. 681, 703; Geer v. Boston Little Circle Zinc Co., 103 S. W. 157; Roth Tool Co. v. Champ Spring Co., 67 S. W. 967; 9 Enc. P. & P. 681, 703; 14 A. & E. Enc. Law, 2 ed., 156; Crane v. Reeder, 25 Mich. 303; Comstock v. Ames, 3 Keys, N. Y., 357; Marvin v. Schilling, 12 Mich. 356; Depuy v. Williams, 26 Cal. 309; Warburton v. Aken, 1 McLean, U. S., 460; St. Louis, etc., R. Co. v. Clark, 121 Mo. 169; Book v. Justice Min. Co., 58 Fed. Rep. 106; League v. Davis, 53 Tex. 9; International, etc., R. Co. v. Searight, 8 Tex. Civ. App. 593; Chicago Dock Co. v. Kinzie, 49 Ill. 289; Best v. Davis, 44 Ill. App. 624; Morrison v. Collier, 79 Ind. 417; Dixon v. Duke, 85 Ind. 434; Townsend v. Vanderverter, 40 U. S. 383; Union Pacific R. R. Co. v. McAlin, 32 U. S. 637, vol. 3 L. R. A. N. S. 790 and annotations.

If the purchaser fails to comply with the terms of sale, or if the sale is not completed through his fault, then the deposit becomes forfeited to the vendor and cannot be re-·covered back. Nathan v. Rehkopf, 52 Ill. App. 212; Warrelle Vendors, secs. 926, 927; Hansborough v. Peck, 5 Wall. 497; Galway v. Shields, 66 Mo. 313; Bradford v. Parkhurst, 96 Calif. 102; Day v. Wilson, 83 Ind. 463; Downey v. Briggs, 102 Iowa 88; Cobb v. Hale, 29 Va. 510.

Agents' commission. Hildebrand v. Lillis, 51 Pac. 1008; Gilder v. Davis, 20 L. R. A., N. S. 398.

Where the language of a written escrow agreement is uncertain and ambiguous, it is the duty of the court, in construing it, to take into consideration the circumstances and conditions existing when it was made, in order to ascertain the intention of the parties. Clarke v. Eureka County Bank, 123 Fed. 922, and authorities cited; case affirmed, 130 Fed. 325.

Even where time is declared to be of the essence of the contract, it may be waived by the conduct of the party for whose benefit the stipulation is made. 9 Cyc. 608; 16 Cyc. 578; Brown v. Guarantee Trust, etc., Co., 128 U. S. 453; Phillips, etc., Const. Co. v. Seymour, 91 U. S. 646; Amoskeag Mfg. Co. v. U. S., 17 Wall. 592; McAlpine v. Reicheneker, Kans., 42 Pac. 339; Kent v. Church of St. Michael, N. Y., 18 L. R. A. 331; Welch v. Dutton, 79 Ill. 465.

One who pays earnest money on a contract for the sale of lands, cannot recover the same until he shows that he is willing to consummate the bargain made. Brockhausen v. Bowes, 50 Ill. App. 98; Hansborough v. Peck, 5 Wall. 497; Glock v. H. & W. Colony Co., Cal., 43 L. R. A. 199, 55 Pac. 713; Johnson v. Puget Mill Co., Wash., 68 Pac. 867; 23 Am. Dig., Century Ed., Col. 2350 and cases cited.

The fact that parties have made a written agreement, by no means precludes them from contracting anew with regard to the same subject matter. Goss v. Lord Nugent, 27 E. C. L. 37; Kirchner v. Laughlin, 4 N. M. 394, 17 Pac. 132, 23 Am. Dig., Col. 2350.

If a depository, bailee or holder of an escrow negligently pays over or delivers a fund in its possession to the wrong person, it is guilty of conversion and answerable therefor. 3 A. & E. Enc. of Law, 2nd ed., 762; 9 A. & E. Enc. of Law, 2nd ed., 291, 292; Southern Railway Co. v. Atlanta Nat. Bank, 112 Fed. 861; Clark v. Eureka County Bank, 123 Fed. 922; Kahaley v. Haley, Wash., 47 Pac. 23.

Assignment of check in escrow. 8 Wait's Act and Def. 116, 118; Christmas v. Russell, 14 Wall. 84; Central Nat. Bank v. Spratlin, Colo., 43 Pac. 1048.

Parties to suit. 15 Enc. P. & P. 731, 738; 2 A. & E. Enc. of Law, 2d. ed., 1092; 4 Cyc. 83, 84.

Commissions.   Lunney v. Healey, 44 L. R. A. 593, 616; Gilder v. Davis, 20 L. R. A. 398; Brackenridge v. Claridge, 43 L. R. A. 600, 601.

REID & HERVEY for Appellee.

Findings of fact supported by any substantial evidence will not be disturbed on appeal.   Richardson v. Pierce, 14 N. M. 334, 93 Pac. 715; Eagle Mining Company v. Hamilton, 14 N. M. 271, 94 Pac. 949; Hancock v. Beasley, 14 N. M. 239, 91 Pac. 735; Candelaria v. Miera, 13 N. M. 360, 84 Pac. 1020; Ortiz v. Bank, 12 N. M. 519, 78 Pac. 527; Marquez v. Land Grant Co., 12 N. M. 445, 78 Pac. 40; Carpenter v. Lindauer, 12 N. M. 388, 78 Pac. 57; Rush v. Fletcher, 11 N. M. 555, 70 Pac. 559; Romero v. Coleman, 11 N. M. 553, 70 Pac. 559; Gale & Farr v. Salis, 9 N. M. 211, 66 Pac. 520.

Definition of escrow. 16 Cyc. 561.

Depositor must have power to judge whether conditions have been performed.   16 Cyc. 576, 584; Humphrey v. Richmond, etc., Ry. Co., 13 S. E. 985; Henderson v. Johnson, Colo., 22 Pac. 463; Burlington R. R. Co. v. Palmer, 42 Ia. 222; Bodwell v. Webster, 113 Pick, 411; Hayden v. Meeks, Ark., 14 S. W. 864; Equity Gaslight Co. v. McKeige, 34 N. E. 898, N. Y.; Humphrey v. Richmond & M. R. Co., 13 S. E. 985; Riggs v. Trees, Ind., 5 L. R. A. 696.

Notice and judgment.   Black on Judgments, 2 ed., sec. 574.

### STATEMENTS OF FACTS.

The appellant Owens and one Berryman entered into a contract for the sale of lands, the appellant Davisson acting as agent for Owens.   The conditions of the contract are not material here.   After signing up the contract, Berryman drew his check upon an Arkansas bank in favor of Davisson, as agent, for $9,173.32, the check was placed in an envelope with the contract of sale and the parties in company went to the appellee bank and delivered the envelope containing the check and contract to the cashier of

the bank, who, as the court found, in the presence and with
the concurrence of all the parties, made the following
written endorsement on the envelope:

"Check enclosed to be held in escrow until September
10th, when final settlement is to be made, deed and abstract
to be placed in escrow with this. Abstract to be forward-
ed to the Citizens Bank and Trust Company, Arkadelphia,
Ark., for examination. No money to be paid over until
abstract is approved. (Signed) J. J. Jaffa, Cashier."

Berryman thereafter made demand upon the bank for
the return of the money, the check in the meantime hav-
ing been cashed and the money in the hands of the bank.
The bank called upon the appellants for their consent,
which, for various reasons, they refused to give, but the
bank delivered the money to Berryman. Suit was brought
by Davisson against the bank to recover his commission on
the sale. Mrs. Owens and her co-executors of the estate
of Solon M. Owens, deceased, were made parties defendants.
They answered and filed a cross-complaint against the bank
and asked judgment for the money. The case was tried
by the court without a jury. Judgment for the appellee
and appellants bring this appeal.

### OPINION OF THE COURT.

MECHEM, J.—The court below held that the bank's
liability was fixed and limited by the memorandum above
mentioned, and that as no abstract "approved by purchaser's
attorney" was presented to the bank on or prior to Septem-
ber 10th, that after said date "it became the duty of the
bank to deliver the said check or its proceeds to C. C. Berry-
man, one of the parties to the escrow agreement upon de-
mand."

Now, it is admitted that the bank was acting as agent
for both parties as far as the escrow itself was concerned,
and the question is, did the bank act as it should have
acted, or did it fail in its duty to either party?

Admitting the correctness of this holding for the sake
of argument, the question then is, did the bank fulfill its
duty to the appellants as fixed by the memorandum? To

this question we think the reply should be in the nega-tive, for the reason that nowhere in the memorandum was the bank authorized to make any delivery of any paper, money or anything.

Had the appellants both agreed that Mr. Berryman should have his money or check back, then the bank would have been relieved from any liability, but it owed just as much duty to the appellants as it did to Berryman, and should not have taken sides, and when it failed to secure appellant's consent, it should have held the escrow and let the parties either come to some agreement among themselves or appeal to the courts, when the appellee could have interpleaded the money into court and secured its acquittance.

However, it took sides in this matter and will be held as it should be, to have acted at its peril and to be responsible to appellants for the fund if they can show a right to the same under the contract made with Berryman, either in its original form or as amended by the parties to it.

The law governing the duties of the bank in this case is well stated by Page in his work on contracts.

"The depository of an escrow is regarded as an agent of both obligor and obligee, and he can neither return the deed or other instrument to the former without the latter's consent, nor save upon the fulfilment of the agreed conditions deliver it to the latter without the former's consent." 2 Page Contracts 585.

There happened no condition, as set forth in the memorandum, upon the fulfillment of which, or failure to fulfill, the bank was directed to return the papers to either party.

We do not deem it necessary upon this appeal to decide any of the other questions raised by the brief of appellants, except that the appellees will be held to be responsible to the appellant if they, upon a re-trial of this cause, shall sustain a right to the money the bank had belonging to Berryman and paid over to him in violation of its duty to appellants.

The judgment of the lower court is reversed and remanded with instructions to reinstate the cause and proceed in accordance with the views expressed in this opinion.