322 P.2d 335

Jack HAMILTON, Plaintiff-Appellant,

v.

Levi HUGHES, Defendant-Appellee.

No. 6331.

Supreme Court of New Mexico.

Feb. 27, 1958.

Rehearing Denied March 17, 1958.

2

McKenna & Sommer, Santa Fe, for appellant.

Seth, Montgomery, Federici & Andrews, Wm. R. Federici, Santa Fe, for appellee.

COMPTON, Justice.

This is an action to reestablish a lost instrument and for damages for its breach. Appellant alleges that he assigned two certain oil and gas leases to appellee pursuant to the terms of an agreement expressed in a letter written by appellee to him, and allegedly lost. The terms of the agreement are alleged to be substantially as follows:

"A. In consideration of the assignment to defendant of the said leases, plaintiff would thereafter retain and continue to own an undivided one-fourth interest in each of the said leases, and defendant would recognize such ownership, although for the sake of convenience in effecting a sale of said leases, if and when it was decided to sell said leases, the record title would be placed in, and thereafter remain with, the defendant.

"B. In consideration of the assignment to defendant of the said leases, defendant would pay all rentals due, and to become due, on each of the said leases, and do all else · that was required to be done by the terms of each of the said leases to keep and maintain them in good standing for the initial five year terms and for the secondary

five year terms of each of the said leases, including the furnishing of any bonds required by the provisions of each of the said leases."

Appellant alleged further that appellee had breached the agreement by failing to file a compliance bond and to pay annual delay rentals during the secondary five year terms of the leases as required thereby, as a result of which the leases were cancelled. He then prayed for restoration of the letter and for damages for breach of its terms.

Appellee had retained a copy of the letter, and attaching a copy to his motion, moved for summary judgment. The letter reads:

> "Santa Fe, New Mexico
> "April 27, 1948
>
> "Mr. Jack T. Hamilton
> "Santa Fe, New Mexico
>
> "Dear Mr. Hamilton:
>
> "This will confirm our verbal understanding and agreement that, in connection with your assignment to me of your Federal oil and gas lease, covered by Serial No. Santa Fe 079170 on the S½, Section 5, and lots 3 and 4, E½ SW¼ and SE¼, Section 31, Township 23 North, Range 10 West, comprising 639.56 acres, and Serial No. Santa Fe 079171, covering Section 25, Township 25 North, Range 6 West, comprising 640 acres, I will keep a record and account of all expenses in connection with the acquisition, maintenances, development and disposition of said leases, and after deducting all costs and expenses in connection therewith, will pay to you or your assigns twenty-five (25%) per cent of any net profits realized on each of said leases.

> "If it becomes necessary or advisable that a more formal instrument expressing our understanding and agreement be made, this will be your assurance that I will execute such instrument incorporating the terms and provisions herein expressed.

> "Very truly yours,
>
> "Levi A. Hughes."

A hearing was held thereon, at which time the court sustained the motion, granted summary judgment, and directed appellee's attorney to prepare a judgment and submit it to him for his signature. Incidentally, the trial judge lives at Portales, and no doubt this explains the sequence of events that followed.

Immediately following the announcement that summary judgment would be granted, appellant orally requested the court for permission to file an amended complaint. The motion did not suggest the substance of the amended complaint and was promptly denied. Nevertheless, thereafter, and with-

out leave having been granted so to do, appellant filed a written motion to amend, attaching thereto a copy of the proposed amended complaint. Subsequently an order was entered overruling the written motion, and on the same day the judgment was filed. Such is the record.

■ Appellant first attacks the ruling of the court in granting summary judgment. Obviously summary judgment was proper. The letter embodied the agreement of the parties and it is explicit. It provides for appellant's partcipation in profits only, not an interest in the leases. Clearly, it does not provide for a renewal of the leases, the filing of performance bonds, or payment of delay rentals after the primary terms of the leases had expired. It follows there were no triable issues of material fact left in the case.

■■ Next, appellant contends that the denial of his oral motion was an abuse of discretion. The contention has no merit. In the first place the motion stated no grounds upon which the court could exercise its discretion. Further, the motion was untimely, summary judgment had been granted. There is a duty imposed upon one opposing a motion for summary judgment to resist it by whatever type of evidentiary material that is at hand. If, however, due to fortuitous circumstances, or for other good reasons, he finds himself presently unable to controvert it, a procedure is available under § 21–1–1(56) (f), 1953 Comp.,

to prevent injustice. He may request time to obtain material to justify his position. He did not avail himself of the rule, being satisfied to rest his case on the letter. There was no abuse of discretion in denying the oral motion. Ginn v. MacAluso, 62 N.M. 375, 310 P.2d 1034; Chambers & Co. v. Equitable Life Assurance Soc., 5 Cir., 224 F.2d 338; Rowan v. United States, 5 Cir., 219 F.2d 51.

In Ginn v. MacAluso, supra [62 N.M. 375, 310 P.2d 1036], we said:

"The burden resting on one objecting to the motion is closely akin to that to be borne by a defendant seeking to sustain here a judgment entered on a verdict directed against a plaintiff when he rests in putting on his case."

■ Finally, appellant challenges the power of the court to enter the judgment while his written motion was pending. He argues that he was entitled to file the amended complaint once without leave, as a matter of right, citing § 21–1–1(15) (a), 1953 Comp. True, under certain circumstances, a plaintiff may file an amended complaint without leave, but the rule has no bearing here. Decision on the motion for summary judgment had already been announced. At that stage of the proceeding the granting or denial of the motion to amend was within the discretion of the court, and there is no showing of abuse of discretion. The challenge to the jurisdiction of the court to enter summary judg-

ment must be rejected. Fedderson Motors, Inc., v. Ward, 10 Cir., 180 F.2d 519; Whelan v. New Mexico Western Oil & Gas Co., 10 Cir., 226 F.2d 156; Fairbanks Morse & Co. v. Consolidated F. Co., D.C. Del., 94 F.Supp. 311. See also 6 Moore's Federal Practice, Section 56.10, page 2057.

The judgment should be affirmed. It is so ordered.

LUJAN, C. J., and McGHEE and D. A. MAC PHERSON, Jr., D. J., concur.

SADLER and KIKER, JJ., not participating.