SINGER ET AL., APPELLANTS, *v.* SCHOLZ HOMES, INC., APPELLEE.

(No. 4106—Decided February 15, 1973.)

APPEAL: Court of Appeals for Montgomery County.

*Messrs. Coolidge, Wall, Matusoff, Womsley & Lombard* and *Mr. Peirce Wood,* of counsel, for appellants.
*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. H. Callard,* of counsel, for appellee.

CRAWFORD, P. J. This case is a sequel to a previous case before this court. In the former case plaintiffs claimed damages for defendant's anticipatory breach of a sixty-year lease, and recovered a verdict for damages of $43,733.

We reversed that judgment on appeal, finding that the court erred in its instruction upon the measure of damages, as well as in other respects. We remanded the case to the court of common pleas for a new trial in accordance with our opinion.

Plaintiffs thereupon moved for leave of the court of

common pleas to file an amended complaint for unpaid rent in the sum of $41,788.75. While not alleged in the proffered amended complaint, both parties recognized in their briefs that plaintiffs had sold the leased premises, and the unpaid rent asked for in the amended complaint was the amount accumulated up to the time of sale.

The court of common pleas overruled plaintiffs' motion to amend and, plaintiffs not desiring to plead further, dismissed the case. Plaintiffs now appeal that ruling and judgment.

Defendant argues that the trial judge was bound to make such a ruling because of the "law of the case" which, it is claimed, we established by our prior judgment. Apparently, the trial court agreed. 14 Ohio Jurisprudence 2d 648, Courts, Section 219; 32 Ohio Jurisprudence 2d 32, Judgments, Section 280. We must respectfully reject the validity of this contention.

In the other appeal, we were dealing with the argument of plaintiffs that they should recover the full rent specified in the lease up until the time of trial, instead of accumulating the damages for the entire term. In this connection, we said:

"Appellees (plaintiffs) could not go in both directions. Having elected to sue for damages, they are precluded from claiming the stipulated rent for the short period in question."

Defendant has seized upon the words "Appellees could not go in both directions" as signifying that they could not in a later trial seek a different remedy. We believe it is obvious that what we were saying was that they could not go in both directions *at the same time*. It certainly had no reference to an election of remedies. Counsel for defendant advanced the argument that if plaintiffs had wanted to amend to seek a different remedy, they should have sought permission from this court, and that, not having done so, they had waived any such right, if it existed. We fail to see what authority we would have had to grant any such request. Upon being pressed, counsel apparently agreed that it would have been improper for us to do so.

The question of an election of remedies was not pre-

sented to us in the other case. Defendant's counsel implies as much by arguing that the request should have been presented to us by plaintiffs. Hence, we could not have established any "law of the case" on that point.

The question in issue, then, is whether plaintiffs were foreclosed by the doctrine of election of remedies from making the desired amendment. In *Frederickson* v. *Nye* (1924), 110 Ohio St. 459, the Supreme Court held in paragraph two of the syllabus:

"In order that an election of one remedial right shall be a bar to the pursuit of another, the same must be inconsistent and the election made with knowledge and intention and purpose to elect. The mere bringing of a suit is not determinative of the right, but the party making the election must have received some benefit under the same, or have caused detriment to the other party, or pursued his remedy to final judgment."

Somewhat later the court held in *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, in paragraphs ten and eleven of the syllabus:

"10. Where a plaintiff obtains a judgment granting him one of two alternative or mutually exclusive remedies for the assertion of the same right or the same relief, he is precluded from thereafter maintaining an action based on the other remedy; but where a judgment is for the defendant in a suit based upon one of two mutually exclusive remedies, the plaintiff is not precluded from thereafter maintaining an action based on the other remedy.

"11. A plaintiff's choice of a fancied remedy which never existed and the futile pursuit of it because of a mistake as to the facts or the law, though the first action proceeds to judgment, does not preclude such plaintiff from thereafter invoking a proper remedy, in the absence of facts which create an estoppel."

An excellent recent discussion of the "harsh" and "technical" doctrine of election of remedies and the liberalizing flexibility effected by the rules of civil procedure, appears in 18A Ohio Jurisprudence 2d 637, Election of Remedies, Section 7.

In our present case, the trial court noted that the

Ohio Rules of Civil Procedure were, to quite an extent, adopted from the federal rules, and made reference to the case of *United States* v. *Bernstein* (C. C. A. 10, 1958), 256 F. 2d, 697. The court held, at page 705 of that case, the following:

"The doctrine of election of remedies is not a rule of substantive law. It is a rule of procedure or judicial administration. It is technical * * *."

"It has been consistently criticized as harsh and not a favorite of equity." * * *"It has been applied to suits by the government with caution."

Headnote eleven of the *Bernstein* case states:

"There is no room for application of doctrine of election of remedies under Federal Rules of Civil Procedure. * * *"

The case of *Berger* v. *State Farm Mutual Automobile Insurance Co.* (C. C. A. 10, 1961), 291 F. 2d 666, which has been cited, in no wise diminishes the force of *Bernstein*. *Berger* was a diversity action and the court applied the law of Kansas.

The court stated, at 668:

"In a diversity suit, a federal court is but another local forum and the right to recover is measured by law of state."

Headnote four states, in part:

"Under Kansas law, when law gives several means of redress or relief predicated upon conflicting theories, election of one of them operates as bar against subsequent adoption of others * * *."

At page 667, the Berger court said:

"Under federal law, an election of remedies is a 'rule of procedure or judicial administration' and is sparingly applied."

Rule 8 of the Ohio Rules of Civil Procedure relieves the pleader from any duty of election, and provides:

"(A) Claims for relief. * * * Relief in the alternative or of several different types may be demanded."

"(E) (2) * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds. * * *"

Civil Rule 15(A) provides:

"* * * Leave of court shall be freely given when justice so requires. * * *"

"(B) When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. * * *"

Of interest, also, in our present case is the statement in Rule 15(E) that:

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.* * *"

Plaintiffs' proposed amendment is not by way of a supplemental pleading, but by an amended complaint. It omits to state that the leased premises have been sold, but the briefs and arguments on both sides recognize that they have been sold.

This would, in our opinion, be an appropriate fact to be alleged. It obviates the problem found so troublesome on the first appeal, of calculating future damages over the greater part of a sixty-year term.

The limitation of time during which plaintiffs now seek to collect rent is obviously based upon the termination of plaintiffs' ownership, which makes a profound difference in the controversy and demonstrates the wisdom of the more flexible approach embodied in the civil rules and recognized in Ohio Jurisprudence.

In this prolonged and hard-fought contest, counsel have dredged up many facets of the case which are interesting, but not significant, on which reasonable brevity forbids extended comment. However, one such phase is the contention that plaintiffs' claim is now moot because its deed of conveyance "which is of record" includes a conveyance "of the rents, issues and profits thereof."

First of all, this deed may be "of record" publicly,

but does not appear in the record of this case. And cited in support of this argument is the case of *Crabtree* v. *Smith* (1919), 31 Ohio Ct. App. 593, involving a provision in a farm lease for the growing of crops. Without intending to speak figuratively, we consider that situation far afield from the present.

It will be observed that in the cases and comments on the issue of election of remedies there is frequent reference to estoppel, and kindred matters. There is nothing in this case to indicate any benefit to the plaintiffs or detriment to the defendant enjoyed or suffered as a result of what has gone before.

In the light of these considerations, we conclude that the judgment appealed from should be reversed inasmuch as "justice so requires."

*Judgment reversed.*

KERNS and SHERER, JJ., concur.