524 P.2d 1015

**Robert L. BUHLER and Collum B. Watson, Plaintiffs-Appellants,**

v.

**Donaciano MARRUJO and Guadalupe V. Marrujo, his wife, the Bank of Las Vegas, a State Bank, Gary C. Lawrence, Charles V. Glover and William A. Gerdeman, Defendants-Appellees.**

**No. 1250.**

Court of Appeals of New Mexico.

June 26, 1974.

Hendley, J., concurred specially and filed opinion; Hernandez, J., concurred specially and filed opinion.

Leon Karelitz, Karelitz & Flores, Las Vegas, for plaintiffs-appellants.

Roberto L. Armijo, Las Vegas, for defendants-appellees Donaciano Marrujo and Guadalupe V. Marrujo.

Joseph A. Sommer, Sommer, Lawler & Scheuer, P. A., Santa Fe, for defendants-appellees The Bank of Las Vegas, Charles V. Glover and William A. Gerdeman.

## OPINION

SUTIN, Judge.

Plaintiffs, as purchasers, sued defendants Marrujo, as sellers, for specific performance of a real estate contract which was in full force and effect; that plaintiffs deposit the balance of the purchase price plus interest with the court; and for punitive damages. Plaintiffs also sued defendants, The Bank of Las Vegas (Bank), and Glover and Gerdeman, its officers, for compensatory and punitive damages as escrow agents. The trial court sustained defendants' motions to dismiss with prejudice. Plaintiffs appeal. We reverse.

### A. *Facts.*

On June 24, 1969, plaintiffs filed a complaint in Bernalillo County, Cause No. A41489, against defendant Donaciano Marrujo. Plaintiffs' complaint sought compensatory and punitive damages for fraud on the part of defendant for inducing plaintiffs to enter into a contract for the purchase of certain real estate in San Miguel County which contract was terminated without notice by defendant. Mrs. Marrujo, who was a party to the contract, was not a defendant in this claim. The contract is the same contract which plaintiffs seek to specifically enforce in the present action arising out of the claim filed in San Miguel County.

On April 5, 1971, the trial court, after a trial on the merits, resolved all issues in favor of defendant and dismissed plaintiffs' complaint with prejudice. Defendant had filed requested findings and conclusions, but none were made by the court. There was no appeal from this judgment.

On May 12, 1970, while the Bernalillo County case was pending, plaintiffs filed a complaint against the present defendants in San Miguel County. Plaintiffs' attorneys in the San Miguel County case were not the same as those in the Bernalillo County case. The venue was laid in San Miguel County because of § 21–5–1(D)(1), N.M. S.A.1953 (Repl. Vol. 4).

The San Miguel County complaint alleged that the contract was wrongfully terminated for nonpayment of monthly installments and that the Bank wrongfully returned the warranty deed to the defendants Marrujo. Plaintiffs sought the following relief: (1) specific performance of the real estate contract and punitive damages against defendants Marrujo; (2) compensatory and punitive damages against the Bank, Glover and Gerdeman who allegedly wrongfully delivered the escrowed warranty deed to Marrujo.

Defendants Marrujos' motion to dismiss was based upon (1) election of remedies; (2) res judicata and collateral estoppel; and (3) defendants are husband and wife and the above case involved their community property. The other defendants' motion to dismiss was based on (1) res judicata; (2) election of remedies; (3) the complaint failed to state a claim upon which relief could be granted; and (4) that by election to seek damages for fraud and deceit, plaintiffs disaffirmed the validity of the contract.

### B. *The dismissals were erroneous.*

#### (1) *Election of remedies is not applicable.*

The question is: Was the unsuccessful claim to recover damages in Bernalillo County against defendant Marrujo a conclusive election of remedies which prevents an action for specific performance of the contract in San Miguel County? The answer is "No."

*First,* the doctrine of election of remedies is not a doctrine of substantive law. It is a rule of procedure or judicial administration. It is no longer a defense. The common law doctrine has no application under Rule 8(e)(2) [§ 21–1–1(8)(e)(2), N.M.S.A.1953 (Repl. Vol. 4)]. Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., 74 N.M. 458, 394 P.2d 978 (1964); Montgomery v. Cook, 76 N.M. 199, 413 P.2d 477 (1966); Bernstein v. United States, 256 F.2d 697, 706 (10th Cir.

1958); Singer v. Scholz Homes, Inc., 36 Ohio App.2d 125, 303 N.E.2d 86 (1973).

Rule 8(e)(2), supra, reads in part as follows:

A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both.

"This statute permits a party to state as many claims as he has regardless of consistency." Platco Corporation v. Shaw, 78 N.M. 36, 428 P.2d 10 (1967). In *Honaker*, supra, plaintiff was allowed to recover in either damages or rescission. The same rule would apply to damages or specific performance.

█ *Second*, does the doctrine of election of remedies apply when separate claims are filed in different districts? We say "No."

█ As pointed out above, the common law doctrine of election of remedies no longer exists as a doctrine of substantive law. It is a matter of judicial administration. It is not a defense. Although the plaintiffs' claim should be filed in one complaint in one district court, under the record in this case, the administration of justice dictates that the plaintiffs' claim in San Miguel County should not fail because of an alleged defense which does not exist.

Election of remedies was no defense.

C. *Res judicata and collateral estoppel are not defenses.*

█ The rules of res judicata and collateral estoppel are well settled.

Lindauer Mercantile Co. v. Boyd, 11 N. M. 464, 475, 70 P. 568, 570 (1902) stated:

To make a matter *res judicata* there must be a concurrence of the four conditions following, viz.: First, identity of the subject-matter; second, identity of cause of action; third, identity of persons and parties; and, fourth, identity in the quality of the persons for or against whom claim is made.

See also, Adams v. Cox, 55 N.M. 444, 234 P.2d 1043 (1951); Perry v. Staver, 81 N.M. 766, 473 P.2d 380 (Ct.App.1970). Res judicata was not a defense.

Collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Terry v. Pipkin, 66 N.M. 4, 340 P.2d 840 (1959).

A review of the pleadings and judgment in the Bernalillo County case discloses no identity of subject matter, cause of action or identity of persons and parties. Mrs. Marrujo was not a party defendant. Neither do we find estoppel upon any questions, points or matters of fact in issue.

Collateral estoppel is not a defense in this action.

D. *The complaint stated a claim for relief against the Bank and its officers.*

The Bank and its officers filed a motion to dismiss because the complaint failed to state facts sufficient on its face upon which relief can be granted. In its order of dismissal, the trial court took judicial notice of the Bernalillo County case and ordered that plaintiffs' complaint be dismissed *with prejudice*. The trial court did not allow the plaintiffs to amend the complaint with or without leave of court as provided by Rule 15(a) of the Rules of Civil Procedure [§ 21–1–1(15)(a), N.M.S. A.1953 (Repl. Vol. 4)].

█ Plaintiffs should have been allowed to amend as a matter of course because a motion to dismiss is not a responsive pleading within Rule 15(a), supra. Atol v. Schifani, 83 N.M. 316, 491 P.2d 533 (Ct. App.1971); Jacobson v. State Farm Mutual Automobile Ins. Co., 81 N.M. 600, 471 P.2d 170 (1970); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965).

█ A motion to dismiss under rule 12(b)(6) [§ 21–1–1(12)(b)(6), N.M.S.A. 1953 (Repl. Vol. 4)] is properly granted only when it appears that the plaintiff is not entitled to relief under any state of

facts provable under the claim. For purposes of the motion, the material allegations of the complaint are admitted. Pattison v. Ford, 82 N.M. 605, 485 P.2d 361 (Ct.App.1971).

The contract between plaintiffs and Marrujo provided that ·Marrujo would make and execute a warranty deed to be placed in escrow with the Bank, to be held by the Bank for delivery to plaintiffs upon payment in full of the balance of the purchase price. On breach of the contract by the plaintiffs, the Marrujos had the right to retain the down payment as liquidated damages and demand return of the warranty deed. The Bank acknowledged receipt of the contract and warranty deed to be held in escrow in accordance with the terms of the contract. However, it was understood that the Bank would be liable only for gross negligence or willful misconduct. The complaint alleged that the Bank wrongfully delivered the warranty deed to Marrujo within the language of the escrow agreement. "Wrongful" is defined as injurious, heedless, unjust, reckless, unfair. It implies the infringement of some right, and may result from disobedience to lawful authority. Mathes v. Williams, 134 S.W.2d 853 (Tex.Civ.App.1939).

■ The Bank contends that the wrongful delivery could not damage plaintiffs. We disagree. When an escrowee bank wrongfully delivers a deed, it acts at its peril if the plaintiffs can show a right to the deed. Davisson v. Citizens' National Bank of Roswell, 15 N.M. 680, 113 P. 598 (1910), affirmed in Citizens' National Bank of Roswell v. Davisson, 229 U.S. 212, 33 S.Ct. 625, 57 L.Ed. 1153 (1913).

■ The measure of damages is the amount of money that would place the plaintiffs in as good a position as they would have occupied if defendants had not breached their contract. Defendants assert plaintiffs' only damages are the costs of a suit for specific performance. That action, they say, would have to be instigated even if the Bank had not returned the warranty deed. While plaintiffs' claimed damages may in large part duplicate expenses that would be incurred regardless of the Bank's action, we cannot say on the record before us that there were no damages as a proximate result of that action. Dismissal on this basis was improper. Plaintiffs are entitled to have the warranty deed placed once more in the possession of the Bank subject to the terms of the escrow agreement. Allen v. Allen Title Company, 77 N.M. 796, 427 P.2d 673 (1967).

■ Defendants further assert that no cause of action was stated against the Bank officers, Lawrence, Glover and Gerdeman. The complaint stated that these defendants ". . . negligently or oppressively or with wanton disregard of the rights of plaintiff . . . without first giving said plaintiff notice, returned the escrowed deed . . ." to defendants Marrujo. This is a sufficient statement of a claim for breach of duty as officers of the Bank.

■ The defendants claim that if the action brought by plaintiffs necessitated redelivery of the deed, the "expenses" would not include attorneys' fees. This issue was not determined in the trial court and is not before us for review.

The trial court erred in dismissing plaintiffs' complaint with prejudice.

Reversed.

It is so ordered.

HENDLEY, J., specially concurring.

HERNANDEZ, J., specially concurring.

HENDLEY, Judge, specially concurring.

I concur in the majority opinion except as to the reasoning under the discussion of election of remedies. That reasoning overrules prior Supreme Court precedent. Accordingly, I would handle the discussion as follows.

The doctrine of election of remedies is "harsh and not a favorite of equity." *Bernstein*, supra, Rule 8(e)(2), supra, curtails the doctrine in its application to multiple claims in a single action. See

Honaker v. Ralph Pool's Albuquerque Auto Sales, Inc., 74 N.M. 458, 394 P.2d 978 (1964). Its harshness does not outweigh the force of Supreme Court precedent recognizing its vitality. Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718 (1933). See also Alvarez v. Board of Trustees of La Union Townsite, 62 N.M. 319, 309 P.2d 989 (1957); Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344 (1943).

Nevertheless, the doctrine does not apply to the present facts. It applies ". . . where there are two or more remedies . . . which are alternative and inconsistent with each other, and not cumulative, so that, after the proper choice of one, the other or others are no longer available." Williams v. Selby, 37 N.M. 474, 24 P.2d 728 (1933). The cause of action in the Bernalillo County cause was for fraud in the inducement of the land sale contract. The present case states two causes of action: First, specific performance of the land sale contract against the Marrujos; and Second, damages against the Bank and its employees for breach of a fiduciary duty.

In the present cause the first claim was not inconsistent with the Bernalillo County action. The claimed wrongs were concurrent. The party fraudulently induced to enter a contract may elect to perform and sue for damages. See Terrel v. Duke City Lumber Company, Inc., (Ct.App.) 86 N.M. 405, 524 P.2d 1021 decided May 22, 1974 (Judge Hernandez concurring opinion). If the other party then refuses to perform, an action for specific performance arises which can be pursued concurrently. See Bankers Trust Co. v. Pacific Employers Insurance Co., 282 F.2d 106 (9th Cir. 1969).

A further test for consistency is whether a certain state of facts relied on as the basis of a certain remedy is inconsistent with, and repugnant to, another certain state of facts relied on as the basis of another remedy. See Abdallah v. Abdallah, 359 F.2d 170, 17 A.L.R.3d 967 (3rd Cir.

1966). The Bernalillo County suit was only against Donaciano Marrujo. The facts relied on were that due to certain false statements concerning "a constant source of water" across the property plaintiffs were induced to enter the contract. Whereas, the basis for the San Miguel County claims against the Marrujos is that the Marrujos agreed to a suspension of payment and thereby waived their right to terminate the contract. These facts are consistent.

Defendants also assert that plaintiffs' Bernalillo County action is one for damages and recission. The complaint does not bear out defendants' assertion that it was for recission. The court resolved all issues in favor of Donaciano Marrujo as to liability and never reached the issue of damages. The election of remedies doctrine does not apply when there is no judgment on the issue. Franciscan Hotel Co. v. Albuquerque Hotel Co., supra.

The resolution as to the Bernalillo County cause applies equally to San Miguel County cause against the Bank and its employees. The Bank and its employees are even further removed from the Bernalillo County cause in that they were not parties to that cause and so could not be affected by any action in that cause.

HERNANDEZ, Judge, specially concurring.

I concur in the result. I do not agree in Judge Sutin's conclusion that the doctrine of election or remedies is no longer a defense. Had the plaintiffs sued for rescission and damages in the Bernalillo County suit the doctrine would have been a defense to the instant cause. Rule 8(e)(2), supra, does allow a person to plead for rescission and damages or affirmation and damages in the alternative in one lawsuit, but it does not allow one to plead inconsistent claims in separate suits. See Davies v. Boyd, 73 N.M. 85, 385 P.2d 950 (1953); Brown v. Alkire, 295 F.2d 411 (10th Cir. 1961); 12 Williston, Contracts § 1523, at 608 (3rd ed. 1970).