This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JANICE LADNIER and**
**ANGELA MELTON,**

Plaintiffs/Counterdefendants,

**v.**                                                    **No. 32,691**

**JOSEPH HAMILTON and**
**KERRY HAMILTON,**

Defendants/Counterclaimants,

**and**

**ROBERT RICHARDS,**

Intervenor-Plaintiff/Counterdefendant/Appellant,

**v.**

**JOSEPH HAMILTON and**
**KERRY HAMILTON,**

Intervenor-Defendants/Counterclaimants,

**and**

**JONES, SNEAD, WERTHEIM & CLIFFORD, P.A.,**
**f/k/a JONES, SNEAD, WERTHEIM & WENTWORTH, P.A.;**
**SAMUEL C. WOLF; AND LEON R. HUNT, IV,**

Intervenor-Defendants/Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Robert Richards
Santa Fe, NM

Pro se Appellant

Jones, Snead, Wertheim & Clifford, P.A.
Jerry Todd Wertheim
Jerry V. Wertheim
Santa Fe, NM

Jack Brant
Jeannie Hunt
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Appellant Robert Richards appeals the district court's order granting the motion to dismiss, filed by Jones, Snead, Wertheim & Clifford, P.A., f/k/a Jones, Snead, Wertheim & Wentworth, P.A. (Jones Firm)[RP Vol.IV/839]; Samuel C. Wolf (Wolf); and Leon Hunt, IV (Hunt), for failure to state a claim upon which relief can be granted. [RP Vol.VI/1312, 1314, 1286] In our notice of proposed summary

disposition, we proposed to reverse and remand. The Jones Firm, Wolf, and Hunt have filed a memorandum in opposition and Richards has filed a memorandum in support of the proposed disposition, both of which this Court has duly considered. Because we do not find the Jones Firm, Wolf, and Hunt's arguments persuasive, we reverse and remand.

{2}     While we acknowledge the Jones Firm, Wolf, and Hunt's argument that the issues pertaining to the underlying litigation are complex [MIO 2], the dispositive issue before this Court is relatively straightforward. We must determine whether Richards was entitled to amend his complaint as a matter of course, pursuant to Rule 1-015(A) NMRA. Based on our review of the docketing statement, record, memorandum in opposition, and memorandum in support, the critical facts for purposes of this appeal are not in dispute. When the facts are not disputed, a case may appropriately be decided on the summary calendar. *See Taylor v. Van Winkle's IGA Farmer's Market*, 1996-NMCA-111, ¶ 1, 122 N.M. 486, 927 P.2d 41.

{3}     On December 19, 2012, the district court held a hearing and orally granted the Jones Firm, Wolf, and Hunt's motion to dismiss for failure to state a claim upon which relief can be granted. [RP Vol.III/515, 554, 620; RP Vol.VI/1286; MIO 3; MIS 2-3] After the district court's ruling, Richards orally moved to amend his complaint and the district court denied his request. [RP Vol.V/1116; MIO 3; MIS 3]

{4} Prior to the entry of the written order, Richards filed a motion for reconsideration of the district court's order dismissing his claims against the Jones Firm, Wolf, and Hunt and denying his oral motion to amend his complaint. [RP Vol.V/1116; MIS 3] The Jones Firm, Wolf, and Hunt filed a response to Richards' motion for reconsideration on January 10, 2013 [RP Vol.VI/1188], and Richards filed a reply brief with a proposed amended complaint on January 14, 2013. [RP Vol.VI/1238, 1246; MIO 3; MIS 3] The district court filed its written order granting the Jones Firm, Wolf, and Hunt's motion to dismiss with prejudice and denying Richards' oral motion for leave to amend his complaint on February 1, 2013. [RP Vol.VI/1286-87; MIS 2, 3]

{5} The dispositive issue on appeal is whether Richards was entitled to amend his complaint after the district court made an oral ruling dismissing his complaint, but before entry of the final order because the Jones Firm, Wolf, and Hunt had not filed an answer to his original complaint. The Jones Firm, Wolf, and Hunt assert that, because Richards had not filed an amended complaint or requested leave to amend his complaint before the district court made its oral ruling dismissing Richards' complaint on December 19, 2012, the district court had discretion to deny Richards' oral motion to amend his complaint. [MIO 3-6]

4

**{6}** The Jones Firm, Wolf, and Hunt assert that (1) *Hamilton v. Hughes*, 1958-NMSC-029, 64 N.M. 1, 322 P.2d 335 is controlling, as opposed to *Moffat v. Branch*, 2002-NMCA-067, 132 N.M. 412, 49 P.3d 673 [MIO 4-8], and (2) the district court's ruling was not just based on the timeliness of Richards' motion, but also on its futility. [MIO 6-7]

**{7}** As explained in our notice, Rule 1-015(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served." In this case, the Jones Firm, Wolf, and Hunt filed a motion to dismiss instead of filing an answer to Richards' complaint. Therefore, Richards "should have been allowed to amend as a matter of course because a motion to dismiss is not a responsive pleading" within Rule 1-015(A). *Buhler v. Marrujo*, 1974-NMCA-062, ¶ 21, 86 N.M. 399, 524 P.2d 1015, *overruled on other grounds by Three Rivers Land Co. v. Maddoux*, 1982-NMSC-111, 98 N.M. 690, 652 P.2d 240. "It is the entry of judgment or of the final order which terminates the right [to amend], not . . . the oral granting of the motion to dismiss." *Malone v. Swift Fresh Meats Co.,* 1978-NMSC-007, ¶ 7, 91 N.M. 359, 574 P.2d 283; *see also Moffat*, 2002-NMCA-067, ¶¶ 20-28 (allowing the plaintiff to amend his original complaint, as a matter of right pursuant to Rule 1-015(A), after the district court had held a hearing and expressed its intent to grant the defendants' motions to dismiss).

{8}     Contrary to the Jones Firm, Wolf, and Hunt's assertion, this case is distinguishable from *Hamilton*, and *Moffat* controls. The issue in *Hamilton*, 1958-NMSC-029, was whether the plaintiff could file an amended complaint after receiving an adverse ruling on a summary judgment motion. *See id.* ¶¶ 5, 7, 9. Immediately after granting the defendant's motion for summary judgment, the plaintiff orally requested permission to file an amended complaint, which was denied. *Id.* ¶ 5. The Supreme Court affirmed the district court's decision. *Id.* ¶ 10. Rule 1-056(C)NMRA provides that a motion for summary judgment shall be granted if the motion demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Even if the plaintiff was allowed to amend his complaint, that would not change the fact that there were no genuine issues of material fact and that the defendant was entitled to a judgment as a matter of law.

{9}     Unlike *Hamilton*, the issue in this case was whether Richards was entitled to amend his complaint after an oral ruling granting the Jones Firm, Wolf, and Hunt's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 1-012(B)(6) NMRA. [RP Vol. VI/1312-13] A similar issue was raised in *Moffat*, 2002-NMCA-067, ¶¶ 7-8. In that case, the district court issued a letter decision granting the defendants' motions to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 7. Subsequent to the letter decision, but before entry

6

of the final order, the plaintiff filed a motion to amend along with a proposed amended complaint. *Id.* ¶¶ 7-8. During a presentment hearing with respect to the entry of the order of dismissal, the district court considered arguments regarding the motion to amend and denied the motion. *Id.* ¶ 8. On appeal, this Court determined that the plaintiff should have been allowed to amend his complaint once as a matter of right before entry of the final order, pursuant to Rule 1-015(A), because the defendants had not filed a responsive pleading. *Id.* ¶ 2. Consistent with *Moffat*, we conclude that Richards was entitled to amend his complaint once as a matter of right before entry of the final order because the Jones Firm, Wolf, and Hunt had not filed a responsive pleading.

{10}    The Jones Firm, Wolf, and Hunt argue that the district court denied Richards' motion to amend because the district court had already granted their motion to dismiss *and* because the district court determined that Richards' amendment would be futile. [DS MIO 6-7] As we explained in our notice, a futility determination is relevant in circumstances in which the district court has discretion whether or not to grant a motion to amend. *See generally* Rule 1-015(A). In this case, Richards was entitled to amend his complaint as a matter of right; therefore, the district court did not have discretion.

7

{11} Accordingly, for the reasons stated in this Opinion and in our notice of proposed summary disposition, we reverse and remand.

{12} **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**