621 N.W.2d 221 (2001)
Michael Allen PALMER, Plaintiff-Appellant,
v.
OAKLAND CIRCUIT JUDGE, Defendant-Appellee.
No. 116293, COA No. 223590.
Supreme Court of Michigan.
January 29, 2001.
On order of the Court, the complaint for superintending control is treated as an application for leave to appeal from the Court of Appeals order of January 25, 2000, and, so treated, is DENIED, because we are not persuaded the questions presented should be reviewed by this Court.
MCL 600.2963 requires persons under the jurisdiction of the Department of Corrections who wish to commence civil actions or appeals therefrom to pay an "initial partial filing fee." Subsection (7) provides that a prisoner "shall not [be] prohibited" from commencing such actions if the prisoner "has no assets and no means by which to pay the initial partial filing fee." However, the statute requires that the status of the inmate's prison account be examined to determine the ability to pay such a fee. MCL 600.2963(3) and (4). To prevent evasion of the statute's provisions by the intentional depletion of an inmate account to zero just before the filing of an action or appeal, the statute requires the imposition of a partial fee based upon the average of deposits to, or balance in, the inmate account over the period of the previous twelve months. Subsection 2963(3). Thus, at least with regard to the imposition of an initial partial filing fee, a prisoner's present account balance of zero does not necessarily mean that a prisoner "has no assets and no means," as contemplated in subsection (7) to pay such a fee. Otherwise the calculation provisions of subsections (3) and (4) would be given no effect.
In this case the Court of Appeals properly determined that the current balance in plaintiff's account was insufficient to pay the entire entry fee and turned to subsection (3) to calculate the initial fee of $30 which is the amount equal to ½ of the average of deposits to the account as reflected in the Certificate of Prisoner Account Activity plaintiff submitted in support of his motion to waive fees. Because the balance in the account at the time of filing was zero, there were no funds to "disregard" under M.C.L. § 600.2963(4).