Robert Louis BROWN, Plaintiff–
Appellant,

v.

STATE OF TENNESSEE DEPART-
MENT OF LABOR AND WORK-
FORCE DEVELOPMENT, DIVISION
OF WORKERS' COMPENSATION;
Attorney General, State of Tennessee,
Defendants–Appellees.

No. 02–6047.

United States Court of Appeals,
Sixth Circuit.

April 2, 2003.

Before BOGGS, SUHRHEINRICH, and
SILER, Circuit Judges.

## ORDER

Robert Louis Brown, a pro se Tennessee resident, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Brown sued the Tennessee Department of Labor, its Workers' Compensation Department, and the Attorney General of Tennessee. The action arose from the dismissal of a state court action where Brown sought workers' compensation benefits. The state trial court dismissed the suit for lack of subject matter jurisdiction and the Tennessee Court of Appeals affirmed. The district court dismissed the case as frivolous.

In his timely appeal, Brown's brief is construed as arguing that Tennessee has waived its Eleventh Amendment immunity; that a state employee committed fraud in his workers' compensation case; and that this court should review the decision of the Tennessee Court of Appeals.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams,* 490

U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ The district court properly dismissed Brown's complaint. Contrary to Brown's arguments, Tennessee and its agencies are immune from liability for monetary damages under the Eleventh Amendment. *See Welch v. Texas Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 472–73, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987); *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Berndt v. Tenn.,* 796 F.2d 879, 881 (6th Cir.1986).

■ Brown complains of the Attorney General's representation of the state's interest in Brown's state court proceedings. Specifically, Brown contends that the Attorney General filed documents stating that the state could not be sued and that his workers' compensation claim was filed in the wrong court. The state trial court agreed with the Attorney General's position. As the Attorney General was an "advocate" for the state by defending the state in Brown's civil action in state court, the Attorney General's actions were "intimately associated with the judicial phase" of the civil process. Thus, the Attorney General is entitled to absolute immunity in Brown's civil rights action. *See Prince v. Hicks,* 198 F.3d 607, 611 (6th Cir.1999). Therefore, Brown's claims against the Attorney General are meritless.

Finally, Brown contends that this court should review the decision of the Tennessee Court of Appeals. This court's responsibility is to review the decision of the federal district court in Tennessee. It is not this court's responsibility to review the decision of the Tennessee Court of Appeals. That responsibility lies with the Supreme Court of Tennessee.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.