Ronald BENNETT, aka Na'm A.
Abdul–Mateen, Plaintiff–
Appellant,

v.

Pat MCBRIDE, et al., Defendants–
Appellees.

No. 01–1939.

United States Court of Appeals,
Sixth Circuit.

April 8, 2003.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

CLAY, Circuit Judge.

Plaintiff, Ronald Bennett, a Michigan prisoner proceeding *pro se,* filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants, Muskegon Correctional Facility employees Pat McBride and Dale Hulbert, alleging that Defendants violated his First and Fourteenth Amendment rights by denying him access to the courts and by depriving him of property without procedural due process. Plaintiff now appeals from the district court's judgment dismissing *sua sponte* his complaint for failure to state a claim pursuant to several provisions of the Prison Litigation Reform Act of 1995 ("PLRA"). *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). For the reasons set forth below, we **AFFIRM** the district court's judgment.

## BACKGROUND

The events giving rise to this action occurred at the Muskegon Correctional Facility located in Muskegon, Michigan. On July 30, 1999, Plaintiff was moved from the general prison population to segregation pending a hearing on a major misconduct charge. A few days later. Defendant McBride came to Plaintiff's cell and requested that Plaintiff sign documents authorizing the prison to ship some of his property to an outside address because he was being transferred to a Level IV facility where the property was prohibited pursuant to prison policy. *See* MICH. DEP'T CORR. PD–04.07.112 (Nov. 1, 2000). Plaintiff requested permission to pack his property and retrieve his address book. McBride denied the requests. When Plaintiff requested a hearing regarding the denial of his requests, McBride told Plaintiff that he was not entitled to a hearing under these circumstances. McBride also told Plaintiff that if he did not sign the documents, his property would be considered abandoned and would be destroyed. To the best of his recollection, Plaintiff signed the documents and provided an address to which the property was to be shipped. Plaintiff's property was subsequently shipped to the outside address by Defendant Dale Hulbert.

Plaintiff was transferred to the State Prison of Southern Michigan located in Jackson, Michigan, and was placed in segregation on August 2, 1999. A few days later, Plaintiff was found not guilty on the major misconduct charge and was moved to the general prison population pending transfer to a Level II facility.

After exhausting his administrative remedies, Plaintiff attempted to file a com-

---

\* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

plaint against Defendants in Michigan's Antrim County Circuit Court apparently alleging that Defendants deprived him of property without procedural due process. The circuit court granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $9.53. Plaintiff then attempted to file a complaint for writ of superintending control in the Michigan Court of Appeals. The court of appeals ordered Plaintiff to pay an initial partial filing fee of $7.00. Thereafter, Plaintiff attempted to file a similar complaint for writ of superintending control in the Michigan Supreme Court. The supreme court ordered Plaintiff to pay an initial partial filing fee of $9.00. Although Plaintiff claimed that he did not have sufficient funds to pay the fees, the state courts refused to waive the fees. When Plaintiff failed to pay the fees within the allotted time, the state courts returned Plaintiff's complaint.

Plaintiff filed a complaint in the district court pursuant to 42 U.S.C. § 1983 on December 14, 2000, alleging Defendants violated his Fourteenth Amendment right to procedural due process by improperly forcing him to sign documents authorizing Defendants to ship his property to an outside address without affording him an administrative hearing. Plaintiff also alleged that the initial partial filing fee requirements of the state courts violated his First Amendment right of access to the courts. By order issued on August 8, 2001, the district court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3), and ordered Plaintiff to pay an initial partial filing fee of $0.31 as soon as funds become available pursuant to 28 U.S.C. § 1915(b)(1).

The district court issued a memorandum opinion on May 18, 2001, in which it held that Plaintiff's complaint failed to state a § 1983 procedural due process claim against Defendants. The court reasoned that because Plaintiff's property was not confiscated or destroyed, Plaintiff's claim involved the right to keep property in his cell. The court further reasoned that unlike the property restrictions in *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the property restrictions set forth in MICH. DEP'T CORR. PD–04.07.112 did not impose an atypical and significant hardship on prison life. The district court therefore concluded that Plaintiff was not unconstitutionally deprived of his property.

The district court further held that Plaintiff's complaint failed to state a § 1983 access to the courts claim against Defendants since Plaintiff did not allege that Defendants were responsible for his inability to obtain relief in the state courts. In accordance with its memorandum opinion, the district court entered judgment on May 18, 2001, *sua sponte* dismissing Plaintiff's complaint for failure to state a claim pursuant to several provisions of the PLRA. *See* 28 U.S.C. §§ 1915(e)(2),[1] 1915A(b);[2] 42 U.S.C. § 1997e(c)(1).[3]

---

**1.** 28 U.S.C. § 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

**2.** The screening requirements set forth in 28 U.S.C. § 1915A(b) are virtually identical to the screening requirements set forth in § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 866 n. 3 (6th Cir.2000).

**3.** 42 U.S.C. § 1997e(c)(1) provides:
(1) The court shall on its own motion or on the motion of a party dismiss any action

Plaintiff filed a motion for reconsideration on June 1, 2001. By order issued on June 21, 2001, the district court denied the motion. Plaintiff timely filed a notice of appeal on June 27, 2001, appealing the district court's judgment.

## DISCUSSION

### I. PROCEDURAL DUE PROCESS

We review *de novo* a district court's judgment dismissing a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Brown,* 207 F.3d at 866. In reviewing a dismissal of a complaint for failure to state a claim, we must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *See Prince v. Hicks,* 198 F.3d 607, 610 (6th Cir.1999). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See id.*

The rule announced in *Parratt v. Taylor,* 451 U.S. 527, 543–44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), permits a dismissal of a § 1983 procedural due process claim where: (1) the deprivation was unpredictable or random; (2) predeprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of his property. *Zinermon v. Burch,* 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). If any of these conditions are present, a § 1983 procedural due process claim will be dismissed unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. *Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland,* 57 F.3d at 479.

Accepting Plaintiff's factual allegations as true. Defendants deprived Plaintiff of his property by improperly forcing him to sign documents authorizing Defendants to ship his property to an outside address. The conditions that warrant a dismissal of a § 1983 procedural due process claim under *Parratt* are not present here. First, the deprivation was predictable inasmuch as it was foreseeable that a prisoner who, like Plaintiff, is moved from the general prison population to segregation would need his property shipped to an outside address, provided that prison policy prohibited possession of such property while in segregation. Second, predeprivation process was possible since no evidence on the record indicates that circumstances required Defendants to immediately ship Plaintiff's property without affording him an administrative hearing. Third, Defendants, who are state employees, were authorized pursuant to prison policy to request that Plaintiff sign documents authorizing Defendants to ship his property to an outside address.

Plaintiff, however, has not shown that his state remedies are inadequate. Plaintiff alleged that his state remedies are inadequate because he could not afford to pay the initial partial filing fees of the state courts. Under Michigan law, a prisoner's present account balance of zero does not necessarily mean that the prison-

brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

er is entitled to a waiver of an initial partial filing fee. *Palmer v. Oakland Circuit Judge,* 463 Mich. 958, 621 N.W.2d 221 (2001). Moreover, the appeal of an administrative decision to Michigan's state courts provides an adequate remedy for violations of procedural due process. *See Copeland,* 57 F.3d at 480. Thus, the district court properly dismissed Plaintiff's complaint for failure to state a § 1983 procedural due process claim against Defendants pursuant to several provisions of the PLRA. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

## II. ACCESS TO THE COURTS

The district court ordered Plaintiff to pay an initial partial filing fee of $0.31 as soon as funds become available pursuant to 28 U.S.C. § 1915(b)(1). On appeal, Plaintiff argues that § 1915(b)(1) is unconstitutional because it violates his First Amendment right of access to the courts.

■ Section 1915(b)(1) permits a district court to charge an initial partial filing fee of 20 percent of the greater of either the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

Plaintiff's argument is without merit since we have held that an initial partial filing fee imposed on a prisoner under § 1915(b)(1) does not deprive him of adequate, effective, and meaningful access to the courts because a district court is required to collect the fee only when funds exist in the prisoner's account. *See In re Prison Litigation Reform Act,* 105 F.3d 1131, 1133 (6th Cir.1997); *Hampton v. Hobbs,* 106 F.3d 1281, 1284–86 (6th Cir. 1997).

■ Plaintiff also argues that the PLRA's provisions that permit a district court to dismiss a complaint for failure to state a claim are unconstitutional because the provisions violate his First Amendment right of access to the courts. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). Plaintiff's argument is without merit since we rejected the argument in *Hampton. Id.* at 1286. Therefore, Plaintiff's First Amendment right of access to the courts was not violated.

## CONCLUSION

For the forgoing reasons, we **AFFIRM** the district court's judgment.