192 P.2d 312

**VEALE v. EAVENSON et al.**

No. 5084.

Supreme Court of New Mexico.

April 12, 1948.

W. Peter McAtee and Joseph E. Roehl, both of Albuquerque, for appellants.

Harry O. Morris, of Albuquerque, for appellee.

McGHEE, Justice.

The appellee, plaintiff below, was awarded the sum of $408.56 as the result of a collision between an automobile being driven by him and a truck owned by the appellants, defendants below. The trial court orally announced its findings and conclusions at the conclusion of the trial and a few days thereafter signed a judgment that had been initialed by the attorneys for the parties. Neither party requested findings of fact or conclusions of law prior to the signing and entry of the judgment on May 24, 1947. An

order granting an appeal was filed on June 23, 1947, and a supersedeas bond was given. On Sept. 17, 1947, a stipulation was filed providing that, subject to the approval of the trial court, findings of fact and conclusions of law might be entered and incorporated into and made a part of the record to be filed in this court. On September 19, 1947, the trial court entered an order reciting that as neither of the parties had theretofore requested findings and conclusions they had waived specific findings and conclusions under our Rule 52(B) (a) (6), 1941 Comp. § 19-101, and refusing to make them. On October 17, 1947, the appellants filed and tendered to the trial court specific findings of fact and conclusions of law, and on November 13, 1947, the trial court entered an order refusing to pass upon them because of the failure of the appellants to make such requests prior to the entry of the judgment, and for the further reason that the order granting the appeal had been entered and that, therefore, it had lost jurisdiction to comply with the request.

The first assignment of error is that the complaint fails to state a cause of action. The complaint contains the following allegations: ·

"1. That all parties are residents of Bernalillo County, New Mexico.

"2. That on January 24, 1947, the defendant, Carrol L. Eavenson, did negligently and unlawfully drive a 1942 G. I. type Ford truck, owned by defendant, Clarence Dan Eavenson, into and against the 1941 Oldsmobile automobile owned and driven by plaintiff, John H. Veale.

"3. That said accident occurred at the intersection of Central Avenue and San Pasquale Avenue, near the City of Albuquerque, in said County of Bernalillo. ·

"4. That at all times herein mentioned the defendants, Carrol L. Eavenson, Clarence Dan Eavenson and Howard Akin, were partners engaged in the business of excavating and hauling sand and gravel; and that at the time of said accident, said Ford truck was being driven by defendant, Carrol L. Eavenson, in pursuance of the business of said partnership, hauling sand and gravel.

"5. That as a result of said negligence on defendants' part, plaintiff has suffered damage in the total sum of $576.56, determined as follows: $366.56 for repairs to plaintiff's automobile; $210.00 for loss of use of plaintiff's automobile for a period of 21 days following said accident, while same was being repaired.

"Wherefore, plaintiff prays for judgment against defendants and each of them for $576.56, together with costs."

Section 19-101, rule 8(a) provides that "a pleading which sets forth a claim for relief, * * * shall contain proper allegations of venue * * * a short and plain

statement of the claim showing that the pleader is entitled to relief."

■ Does the complaint meet this test? It charges, in effect, that the defendant Carrol L. Eavenson negligently and unlawfully drove the truck of the defendants into and against the automobile owned and being driven by the plaintiff; it states where the collision occurred and that the defendants were partners engaged in the business of excavating and hauling sand and gravel; that the car was at the time being driven in pursuance of the business of the partnership, and the amount of damage claimed.

While we did not adopt Federal Rule, 84, 28 U.S.C.A. following section 723c the complaint here substantially followed Form 9 of the Appendix of Forms adopted by that rule for such a state of facts. All that is required by our Rule 8(a) is a short and plain statement of the claim. We think the complaint in this case meets this requirement. If the defendants desired a definite statement or a bill of particulars they could have filed a motion therefor under Rule 12 (e). They evidently thought that the complaint gave them sufficient information for they waited until the case got to this court before raising the question. This assignment is without merit.

■ The appellants urge that the trial court erred in failing to make findings of fact and conclusions of law. Rule 52(B) (a) (1) provides that upon the trial of any case by the court without a jury, the trial court shall make written findings of fact and conclusions of law and file them with the clerk, but subsection (6) provides that a party will waive them if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions. As above stated, no such request was made until long after the judgment had been entered and the appeal allowed. This assignment is also without merit.

■ The appellants also urge that the trial court erred in refusing to pass upon their requested findings of fact and conclusions of law filed several months after the appeal had been allowed and a supersedeas bond had been given.

Upon the entry of the order allowing an appeal and the giving of the supersedeas bond the trial court lost jurisdiction of the case except for the purpose of perfecting the appeal to this court. In contemplation of law it was pending here. Abeytia v. Spiegelberg, 20 N.M. 614, 151 P. 696. See also Pankey v. Hot Springs National Bank, 42 N.M. 674, 84 P.2d 649, and 24 C.J.S., Criminal Law, § 1716. In addition we held in Damon v. Carmean, 44 N.M. 458, 104 P. 2d 735, that findings of fact and conclusions of law filed after the entry of judgment came too late and could not be considered on appeal.

■ The state of the record as above set out relating to lack of findings and conclu-

sions precludes a review of the other assignments of error, which are, in substance, that the judgment should have been for the defendant on the evidence. We had a similar situation in Alexander Hamilton Institute v. Smith, 35 N.M. 30, 289 P. 596, 597, and there stated:

"Most of appellant's assignments of errors resolve themselves into this, that the judgment should have been for the defendant on the evidence. But it was for the district judge, and not for this court to determine what conclusions the evidence would warrant. If the defendant desired a review of the whole case in this court, he should have had the facts found, as well as the conclusions of law dependent upon them, and we could then have determined whether the conclusions were well founded. This court sits, not to try cases de novo, but as a court for the correction of errors. See Murphy v. Hall, 26 N.M. 270, 191 P. 438; Morrow v. Martinez, 27 N.M. 354, 200 P. 1071; Merrick v. Deering, 30 N.M. 431, 236 P. 735; Trustees of Town of Torreon v. Garcia, 32 N.M. 124, 252 P. 478. * * *" See also Damon v. Carmean, supra, on this point.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.