394 P.2d 851

Joe A. MIRABAL, Plaintiff-Appellant,

v.

ROBERT E. McKEE, GENERAL CONTRACTOR, INC., and Mountain States Mutual Casualty Company, Defendants-Appellees.

No. 7449.

Supreme Court of New Mexico.

Aug. 17, 1964.

Harry E. Stowers, Jr., Thomas E. Jones, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellees.

NOBLE, Justice.

Claimant has appealed from a judgment denying workmen's compensation disability payments.

He was awarded $217.33 as medical expenses, $200.00 for attorneys fees, and

$162.93 costs. Disability benefits were denied. There is no cross-appeal from the award of medical expenses and attorneys fees. The trial court orally announced its decision at the conclusion of the trial, and on April 15, 1963, five days later, entered judgment. Neither party requested findings of fact nor conclusions of law prior to entry of the judgment, and no decision containing findings of fact and conclusions of law as contemplated by Rule of Civil Procedure 52(B) was entered. Despite Supreme Court Rule 5(5), a motion and order granting an appeal was filed May 14, 1963, and on the same day notice thereof substantially complying with the rule was filed. The notice was sufficient to confer jurisdiction on this court. Reed v. Fish Engineering Corporation, 74 N.M. 45, 390 P.2d 283.

 Appellant filed request for findings and conclusions May 15, 1963, after the notice of appeal was filed. The trial court, however, lost jurisdiction of the case upon the filing of a notice of appeal substantially complying with rule 5(5), except for purposes of perfecting the appeal to this court, or of passing upon a motion directed to the judgment pending at such time, and the trial court, therefore, properly refused to pass upon the requested findings and conclusions filed thereafter. National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956; Veale v. Eavenson, 52 N.M. 102, 192 P.2d 312. See, also,

State v. White, 71 N.M. 342, 378 P.2d 379; Edington v. Alba, 74 N.M. 263, 392 P.2d 675.

 Asserting that the sufficiency of the evidence to support findings of fact may not be attacked in the absence of a timely request for findings and conclusions, appellees have moved to dismiss the appeal. The motion must be denied because insufficiency of the evidence is not relied upon as a basis for the appeal. Rather, the attack here, under both points relied upon for reversal, is directed to portions of the oral decision announced by the court at the conclusion of the trial. But, an oral opinion is not a "decision," as contemplated by Rule 52(B) (a) (1) (2) (3) and (4), § 21-1-1 (52) (B) (a) (1) (2) (3) and (4), N.M.S.A. 1953; and error cannot be predicated thereon. Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740; Lusk v. First Nat. Bank of Carrizozo, 46 N.M. 445, 130 P.2d 1032; Moore v. Moore, 68 N.M. 207, 360 P.2d 394; Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228. Even though the trial court did not file a written decision as required by Rule 52, supra, about which we have spoken plainly on many occasions, appellant will nevertheless not now be heard to complain. Lusk v. First Nat. Bank of Carrizozo, supra.

While under point 2, appellant complains of the admission in evidence of a movie film purporting to show claimant at work after the injury, he seeks to predicate prej-

udice in the admission of the film in evidence upon a statement of the trial judge in his oral decision. We have said that error may not be predicated thereon.

The judgment appealed from should be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.