399 P.2d 922

**Elma L. ZOBEL, Plaintiff-Appellant,**

**v.**

**PUBLIC SERVICE COMPANY of New Mexico, a corporation, Defendant-Appellee.**

**No. 7561.**

Supreme Court of New Mexico.

March 1, 1965.

Stephenson & Olmsted, Harry S. Connelly, Jr., Santa Fe, for appellant.

Seth, Montgomery, Federici & Andrews, Santa Fe, for appellee.

COMPTON, Justice.

This appeal is from an order dismissing the plaintiff's complaint grounded in tort for failure to state a cause of action.

The facts are not in controversy; appellee, being clothed with power of eminent domain, on June 18, 1963, commenced an action to condemn land belonging to appellant for the purpose of constructing an electrical power line across the same. Notice of the proceeding was issued the same date and served upon the appellant in Texas on June 22, 1963. She responded thereto and asserted that appellee had entered and trespassed upon her land and damaged the same by cutting a corridor through the trees and staking the proposed path or course of the power line. Commissioners appointed by the court assessed damages to appellant's land and for the land

taken in amount of $960.00. An appeal is pending here from an order confirming the commissioners' report.

Meanwhile, and prior to the filing of her response in the condemnation proceeding, appellant instituted the instant tort action for damages for trespass, alleging that the acts complained of occurred prior to the filing of the condemnation suit, and service of notice thereof upon her, and that the acts complained of resulted in physical and aesthetic injuries to her property. At this stage of the proceeding the court sustained appellee's motion to dismiss for failure to state a cause of action.

We think the correctness of the ruling of the court depends entirely upon the character of the entry by the appellee. Obviously, entry was made incidental to the action taken by appellee. In this respect it is only necessary to look to our eminent domain statutes. Section 68–1–4, 1953 Comp., reads:

"Eminent domain—Surveys—Entry on land—Crossing right of way of another corporation.—Such corporations are hereby authorized to enter upon any lands belonging to the state or to persons, firms or corporations for the purpose of making surveys and from time to time to appropriate so much of such lands, not exceeding a strip one hundred [100] feet wide in any one [1] place, as may be necessary for their purpose and they shall have the right of access

to such lands to construct and place their lines, pipes, poles, cables, conduits, towers, stations, fixtures, appliances and other structures and to repair the same, and if they cannot agree with the owners as to such right of way or the compensation therefor, they may proceed to obtain the same in the manner provided by law for condemnation of such lands and where it may be necessary to cross the right of way of another corporation such crossing shall be effected either by mutual agreement or in the manner now provided by law for the crossing of one railroad by another railroad."

Section 22–9–11, 1953 Comp., reads:

"Property damaged by any corporation for public use—Action by owner.— In case property is to be, will be, or *has been* by any corporation *damaged* for public use, any person interested may have such damages ascertained. The proceedings for ascertaining and paying such damages shall be the same as are and may be provided by law for assessing damages which owners of land may sustain in consequence of its appropriation for railroad purposes." (Emphasis added).

 We think the former statute authorized appellee to enter upon appellant's land, and the latter statute afforded her the exclusive means for the ascertainment and payment of damages. It follows that appellant was relegated to the eminent domain statutes for recovery of both actual and consequential damages, and that she cannot assert a common law action for damages. Electric Short Line Terminal Co. v. City of Minneapolis, 242 Minn. 1, 64 N.W.2d 149. Compare Summerford v. Board of Com'rs of Dona Ana County, 35 N.M. 374, 298 P. 410; Springer Transfer Co. v. Board of Com'rs of Bernalillo County, 43 N.M. 444, 94 P.2d 977. Also see 18 Am.Jur., Eminent Domain, § 380; 6 Nichols on Eminent Domain, pages 36 and 355; Anno. 29 A.L.R. 1409.

 Appellant calls our attention to the phrase "the right thereto shall be deemed to have accrued at the date of the notice," appearing in § 22–9–9, 1953 Comp., in arguing that appellee became a trespasser upon entering her land. We fail to sense the force of the argument. The phrase merely fixes the status of the land as of the date of the notice. Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938.

Our attention is also directed to the case of Atchison, T. & S. F. Ry. Co. v. Richter, 20 N.M. 278, 148 P. 478, L.R.A.1916F, 969, as supporting appellant's position. An inspection of that case reveals that the court there was dealing solely with the question whether improvements placed upon the owner's land by the Railway Company prior to the institution of the condemnation proceeding should be considered in de-

termining the measure of compensation. The case is not in point.

The judgment should be affirmed, and it is so ordered.

CHAVEZ and NOBLE, JJ., concur.