608 P.2d 1128

**Robert L. NORTH, Plaintiff-Appellant,**

**v.**

**PUBLIC SERVICE COMPANY OF NEW MEXICO, Defendant-Appellee.**

**No. 3983.**

Court of Appeals of New Mexico.

Feb. 14, 1980.

Writ of Certiorari Denied

March 12, 1980.

Donn F. Brislen, Albuquerque, for plaintiff-appellant.

Thomas F. Keleher, Keleher & McLeod, Albuquerque, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant in trespass for compensatory and punitive damages. Plaintiff's complaint was dismissed for failure to state a claim upon which relief could be granted. Plaintiff appeals. We reverse.

Plaintiff alleged in two counts that he was the owner of parcel # 24 of the Plat of Forest Meadow Ranch in Bernalillo County, and intended to use the land as a secluded homesite; that steps had been taken toward that purpose; that during the month of November or December of 1977, defendant negligently or intentionally entered onto plaintiff's land unlawfully and without authority; that there were no easements for the benefit or use of defendant; that defendant bulldozed roads along two adjacent sides of plaintiff's property causing great and permanent damage to plaintiff's real estate and personal property, caused the destruction of plaintiff's scenic view and substantially interfered with plaintiff's intended beneficial use; that defendant also bulldozed a third road diagonally across plaintiff's property for purposes known only to defendant, but entirely unrelated and/or unnecessary to the provision of electric power to plaintiff's or any other properties; that defendant's acts were performed in a wilful and reckless manner in total disregard of plaintiff's rights.

Based upon these allegations, plaintiff sought compensatory and punitive damages.

Every unauthorized entry upon the land of another is a trespass which entitles the owner to a verdict for some damages. *Brazerol v. Hudson*, 262 Md. 269, 277 A.2d 585 (1971); Restatement of Torts (2d), § 158 (1965); *Miller v. Carnation Company*, 33 Colo.App. 62, 516 P.2d 661 (1973); *Keziah v. Seaboard Air Line Railroad Company*, 272 N.C. 299, 158 S.E.2d 539 (1968); *Riddle Quarries v. Thompson*, 177 Kan. 307, 279 P.2d 266 (1955); 87 C.J.S. *Trespass* § 12 (1954). It is a common-law action called Trespass quare clasum fregit, Black's Law Dictionary, p. 1675 (Rev. 4th Ed. 1968).

Plaintiff's complaint stated a claim for relief in trespass together with the right to punitive damages. *Miller, supra.*

On January 23, 1979, plaintiff filed his notice of appeal. On February 6, 1979, defendant filed a motion to enlarge the record to include Cause No. CV–78–07779 entitled Public Service Company of New Mexico v. North and the Kornaks, filed November 28, 1978, wherein Public Service Company sought to acquire an easement. The trial court ordered the court clerk to make a copy of the petition and place a copy in this case. The order stated:

. . . In granting this Order, it is not the intention of this Court to say that the evidence in said Petition is relevant to any appellate proceeding nor does this Court intend to enlarge or extend any issue that the appellate court may wish to consider.

When an appeal has been taken, the trial court loses jurisdiction except for the purpose of perfecting the appeal to this Court or passing upon a pending motion directed to the judgment. *Mirabal v. Robert E. McKee General Contractor, Inc.*, 74 N.M. 455, 394 P.2d 851 (1964); *Veale v. Eavenson*, 52 N.M. 102, 192 P.2d 312 (1948).

On the basis of the petition filed, defendant now claims that "the plaintiff's remedy of inverse condemnation is exclusive." We reject defendant's position on this appeal. We will not take judicial notice of proceedings in the lower court. *Richardson Ford Sales v. Cummins*, 74 N.M. 271, 393 P.2d 11 (1964).

The only issue before this Court is whether plaintiff's complaint stated a claim for relief. It does.

Reversed.

IT IS SO ORDERED.

WALTERS, J., specially concurring.

HERNANDEZ, J., dissenting.

WALTERS, Judge (specially concurring).

I concur, and especially observe that one of plaintiff's contentions below was that defendant's "trespass" was not for a public use. Our Supreme Court has noted that, if that allegation of non-public acquisition proves to be true, a suit in inverse commendation will not lie. *Brosseau v. New Mexico State Highway Dept.*, 92 N.M. 328, 587 P.2d 1339 (1978). Plaintiff should have the opportunity to prove the allegations of his complaint since, if recovery can be had on any provable state of facts, dismissal for failure to state a claim is not proper. *Buhler v. Marrujo*, 86 N.M. 399, 524 P.2d 1015 (Ct.App.1974). Moreover, for purposes of a motion to dismiss, the allegations of the complaint are admitted. *Buhler, supra.*

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

Section 62–1–4 N.M.S.A. 1978 grants to public utilities a right of eminent domain "as may be necessary for their purpose." Under § 42–1–23 N.M.S.A. 1978, an inverse condemnation suit is a landowner's exclusive remedy if the taking and/or damages to his property was for a public use. *Kaiser Steel Corp. v. W. S. Ranch Co.*, 81 N.M. 414, 467 P.2d 986 (1970).

Appellee-defendant is a public utility as defined in § 62–3–3(F) N.M.S.A. 1978 and is obligated to provide electrical service to the public as directed by the New Mexico Public Service Commission. It seems clear that the construction of an electric power line is for a public use. *Kaiser, supra* ; *Garver v. Public Service Company of New Mexico*, 77 N.M. 262, 421 P.2d 788 (1966); *Zobel v. Public Service Company*, 75 N.M. 22, 399 P.2d 922 (1965). A common law trespass action, therefore, does not lie and the trial court was correct in dismissing Appellant's complaint.