**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES W. EDEN,

Plaintiff-Appellant,

v.

LANCE VOSS; PETER MAGGIORE;
ANA MARIE ORTIZ; EBERLINE
ANALYTICAL CORPORATION;
RINCHEM COMPANY INC. and
UNKNOWN DOES 1-10,

Defendants-Appellees.

No. 03-2030
(D.C. No. CIV-02-423-JP/LFG)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff James W. Eden, proceeding pro se, brought a civil rights action under 42 U.S.C. § 1983 against defendants Peter Maggiore, the Secretary of the New Mexico Environment Department (NMED); Ana Marie Ortiz, an attorney with NMED; and two private corporations, Eberline Analytical Corp. and Rinchem Co., Inc. [1] based upon an application for an administrative search warrant to search Mr. Eden's property for hazardous waste materials and the subsequent search of the property. Mr. Eden asserted that Mr. Maggiore and Ms. Ortiz conspired to violate his civil rights, Ms. Ortiz prepared the application for the administrative search warrant in violation of his civil rights, and Eberline and Rinchem unreasonably searched and seized his property without due process and engaged in trespass and conversion. The district court granted Eberline's, Ms. Ortiz's and Mr. Maggiore's motions to dismiss for failure to state claims for relief under Fed. R. Civ. P. 12(b)(6) and granted Rinchem's motion for summary judgment under Fed. R. Civ. P. 56.

---

[1]     Mr. Eden also named Lance Voss, an Environment Specialist with NMED, and Does 1-10 as defendants. The district court dismissed Mr. Voss without prejudice, because he was never properly served. The court also dismissed Does 1-10 without prejudice, because Mr. Eden had not identified them and all claims against the other defendants had been dismissed.

The primary questions we address in this appeal are (1) did the district court err in taking judicial notice of matters of public record when granting Eberline's motion to dismiss; (2) did the district court err in holding that Rinchem, a private party, is entitled to qualified immunity for its search and seizure of Mr. Eden's property; (3) did the district court err in holding that Ms. Ortiz is entitled to absolute immunity for filing the application for the administrative search warrant; (4) did the district court err in holding Mr. Eden failed to plead sufficient facts to set forth supervisor liability and conspiracy claims against Mr. Maggiore; (5) should Mr. Eden be allowed to amend his complaint; and (6) did the district court err in awarding attorney's fees and costs under Fed. R. Civ. P. 16(f), after specifically declining to award a sanction. We liberally construe Mr. Eden's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, we affirm in part and vacate in part the dismissal of Mr. Maggiore, affirm in part and vacate in part the grant of summary judgment in favor of Rinchem, reverse the dismissal of Eberline, reverse the dismissal of Ms. Ortiz, and vacate the award of costs and attorney's fees under Rule 16(f). We remand for further proceedings concerning Eberline, Rinchem, Mr. Maggiore, Ms. Ortiz, and the award of costs and attorney's fees.

-3-

## I. FACTS

Our review of the district court's rulings as to the specific defendants requires us to view the allegations and evidence in the light most favorable to Mr. Eden. *See Witt v. Roadway Express*, 136 F.3d 1424, 1428 (10th Cir. 1998). Therefore, we present the facts in the light most favorable to him, drawing all reasonable inferences in his favor. *See id.*

Mr. Eden owns two parcels of property in Albuquerque, New Mexico. The City of Albuquerque attempted to work with Mr. Eden to help him clean up the trash on his property. While doing so, City employees found possible hazardous waste on the property and contacted NMED. After Mr. Eden failed to respond to NMED's request to inspect the property for hazardous waste, Ms. Ortiz prepared an application for an administrative warrant to search the property in order to determine if Mr. Eden was storing or transporting hazardous waste. Mr. Voss signed the application and submitted it to a state court judge. The judge issued an inspection and seizure order and an administrative search warrant. The warrant[2] permitted NMED and its agents, accompanied by law enforcement officers, to inspect Mr. Eden's property to determine if hazardous waste was being stored,

---

[2] The warrant was attached to Mr. Eden's complaint, along with the application, the supporting affidavits, the inventory compiled after Rinchem observed the property at the City of Albuquerque's request, and the letter NMED sent to Mr. Eden requesting permission to inspect the property.

transported or managed on the premises in violation of N.M. Stat. Ann. §§ 74-4-1 through 74-4-14, the New Mexico Hazardous Waste Act, and, if so, whether the waste posed a hazard to public health, safety and the environment. The warrant also permitted the inspectors to sample unknown materials and to seize any hazardous waste likely to pose an imminent hazard to human health and safety.

Pursuant to the warrant, Mr. Voss, representatives of Eberline and Rinchem, and Does 1-10 entered Mr. Eden's property. While there, they seized and destroyed property. Rinchem remains in possession of the seized property.

Following the administrative search and seizure, Mr. Eden filed his complaint in district court denying having any connection to hazardous waste. In his first cause of action, the conspiracy claim against Ms. Ortiz and Mr. Maggiore, Mr. Eden alleged that Ms. Ortiz should not have prepared the application for the inspection warrant because she either knew or should have known there was no basis for any hazardous waste claim made by Mr. Voss, NMED had no jurisdiction, the warrant application was based on improper standards and the state court had no jurisdiction to issue a search warrant broader than permitted by the Hazardous Waste Act. He also alleged that defendants either knew or should have known that "entering, searching, and seizing [his] property through obtaining a bogus search warrant would violate [his] rights under the Fourth and Fourteenth Amendments." R. doc. 1 at 3. Mr. Eden

contended that Mr. Maggiore "approved and ratified" Mr. Voss' signing of the affidavit for the administrative search warrant, Ms. Ortiz's preparation of the application, and both of their use of an improper legal standard. *Id.* In his second cause of action, Mr. Eden asserted Eberline and Rinchem violated his Fourth, Fifth and Fourteenth Amendment rights by unreasonably searching, destroying and/or seizing his property and depriving him of his property without due process. He maintained that the warrant was issued without probable cause and was invalid, because it was general and gave those executing it complete discretion to search and seize. He further complained that defendants destroyed his property while executing the warrant and mostly seized ordinary items available for purchase at grocery, hardware, automotive parts and home improvement stores. In his third cause of action, Mr. Eden alleged state-law claims that Eberline and Rinchem trespassed on and converted his property without his consent. [3]

The district court granted (1) Eberline's motion to dismiss with prejudice on the ground that Eberline was not involved in the search and, therefore, was improperly joined as a party under Fed. R. Civ. P. 21; (2) Rinchem's motion for summary judgment determining that Rinchem was entitled to qualified immunity; (3) Ms. Ortiz's motion to dismiss concluding she was entitled to absolute

---

[3]   In his fourth cause of action, Mr. Eden sought special damages for attorney's fees for his efforts in bringing this lawsuit.

immunity; and (3) Mr. Maggiore's motion to dismiss because the doctrine of respondeat superior did not apply and the conspiracy claim lacked specificity.

II. ANALYSIS

A. EBERLINE

Mr. Eden argues that the district court erred in dismissing Eberline pursuant to Rule 12(b)(6). Specifically, he contends that the district court did not accept the allegations of his complaint that Eberline participated in the search of his property and that the district court improperly considered matters outside the complaint by taking judicial notice of matters of public record.

Rinchem and Benchmark Environmental Corp. had entered into a teaming agreement under which Benchmark, as contractor, and Rinchem, as subcontractor, bid on a contract with NMED to help remediate hazardous waste environmental conditions. [4] Apparently, Benchmark and Rinchem obtained the contract. In its motion to dismiss, Eberline asserted that it was a separate corporation distinct from either Benchmark or Rinchem and had no connection to the search and seizure. To support the assertion, Eberline attached to its motion Corporate Information Inquiry reports from the New Mexico Public Regulation Commission indicating that Eberline, Rinchem and Benchmark are separate corporations.

---

[4] Support for this is provided by a document attached to Rinchem's alternative motion to dismiss or for summary judgment. Mr. Eden does not object to the information contained in this document.

Taking judicial notice of the New Mexico Public Regulation Commission's records, the district court granted Eberline's Rule 12(b)(6) motion and dismissed Eberline from the action with prejudice, holding that Eberline was mistakenly named as a defendant.

We review the Rule 12(b)(6) dismissal de novo. *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001). Even assuming the district court properly took judicial notice of the existence of the public record, nothing specifically proved Eberline was not involved in the search, as Mr. Eden asserted. The public record merely stated that Eberline was a separate corporation with no legal connection to Benchmark or Rinchem. We do not accept the facts set forth in the public record as true. *See Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002), *cert. denied*, 124 S. Ct. 205 (2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426-27 & n.7 (3d Cir. 1999); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). [5] Therefore, we remand to the district court for

---

[5] Although Eberline maintains it is a separate and distinct legal entity from Benchmark, an affidavit provided by Rinchem indicates Eberline was formerly known as Benchmark. R. doc. 5, ex. A. Mr. Eden indicates that he could present evidence from a state government record of Eberline's "involvement." Aplt. Br. at 11.

further proceedings on the complaint allegations.    *See Mihos v. Swift*, 358 F.3d 91, 101 (1st Cir. 2004) (recognizing facts in complaint still control).

B. RINCHEM

Mr. Eden argues the district court erred in granting summary judgment to Rinchem and in deciding Rinchem was entitled to qualified immunity even though Rinchem is a private party.  Mr. Eden asserts the district court erred by applying qualified immunity to Rinchem, because Rinchem presented no evidence showing entitlement to qualified immunity and the district court did not address whether qualified immunity would apply under the limited circumstances set forth in *Richardson v. McKnight*, 521 U.S. 399 (1997).

> We review a grant of summary judgment *de novo*, applying the same legal standard as the trial court.  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  We view the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.

*Eagon ex rel. Eagon v. City of Elk City*, 72 F.3d 1480, 1484 (10th Cir. 1996) (citation omitted). [6]

---

[6]    Mr. Eden makes two preliminary assertions.  We reject his first assertion that he did not receive notice that the district court would treat Rinchem's motion to dismiss as a motion for summary judgment.  Rinchem's motion was pled in the alternative, and Mr. Eden acknowledged this in his district court and appellate court filings.   *See* R. doc. 10; Aplt. Opening Br. at 2.

(continued...)

In resolving the qualified immunity issue, the district court first considered whether Mr. Eden alleged a deprivation of an actual constitutional right and concluded that Mr. Eden failed to do so. [7] In reaching this conclusion, the court first decided that ample evidence established probable cause to issue the search warrant. The court found that (1) the facts listed in the warrant application were sufficient to enable the state court judge to conclude that a violation of the New Mexico Hazardous Waste Law may be occurring, (2) the application included the sources for this information, (3) Mr. Voss indicated how he and NMED had verified the information received from the Albuquerque Police Department and

---

[6] (...continued)

Next, Mr. Eden challenges the district court's consideration of the complaint in a separate state-court case filed by NMED against Mr. Eden. In that case, NMED sought injunctive relief requiring Mr. Eden to stop disposing of or storing hazardous waste on his property, costs for its activity concerning the hazardous waste, and civil and punitive damages for violating hazardous waste statutes and regulations. In a summary judgment context, it is appropriate for the district court to take judicial notice of pleadings in another case. *See, e.g.*, *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1171-72 (10th Cir. 1979). However, no pleadings the district court considered from this separate case appear in the record before us for review. Through our own efforts, we learned that the state case was dismissed on June 6, 2003, for lack of prosecution. This occurred after the district court entered its order granting summary judgment to Rinchem, so it was not error for the district court to consider the separate state-court action at the time it ruled.

[7] In resolving qualified immunity cases, courts first consider whether the plaintiff alleged a deprivation of an actual constitutional right and, if so, whether the plaintiff showed the right was clearly established at the time of the alleged violation. *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Because the district court concluded Mr. Eden did not prove a violation of his constitutional rights, the court found it unnecessary to reach the second inquiry.

-10-

Rinchem, and (4) the application and warrant specified the scope of the search, the time for the warrant's execution, and the persons allowed to access the property. *See* R. doc. 29 at 11-12 (citing *Marshall v. Horn Seed Co.*, 647 F.2d 96, 102-03 (10th Cir. 1981)). Also, the district court decided that there was no constitutional violation because the administrative warrant was not overbroad and, under the circumstances, described with sufficient particularity the items that could be seized. Additionally, the court determined the warrant was lawful in that the New Mexico Hazardous Waste Act authorizes the acts specified in the warrant to be carried out by NMED officers and agents. Because Rinchem acted pursuant to a lawful and constitutional warrant, the district court held that Rinchem did not violate Mr. Eden's constitutional rights and was therefore entitled to qualified immunity.

We agree for substantially the same reasons stated by the district court that Mr. Eden has failed to prove a constitutional violation for which § 1983 provides a remedy with respect to his claims of lack of probable cause and an overbroad warrant. Without a constitutional violation, Rinchem cannot be liable under § 1983 regardless of whether Rinchem, a private company, may assert a qualified immunity defense. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (requiring plaintiff seeking § 1983 relief to prove both that conduct complained of was

-11-

committed by person acting under color of state law [8] and that conduct deprived person of constitutional right), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). With no constitutional violation, we need not address *Richardson*'s applicability to these claims.

Mr. Eden made other assertions against Rinchem. He also contended that the warrant was not reasonably executed and that he was denied due process during the deprivation of his property. The district court did not address these issues. We remand to the district court to allow that court to consider these claims in the first instance.

In remanding, we note that contrary to the district court's conclusion, not all private contractors acting under color of state law are engaged in governmental functions eligible for qualified immunity. In *Richardson v. McKnight*, the Supreme Court addressed whether prison guards employed by a private prison management firm were entitled to qualified immunity and held they were not. 521 U.S. at 401. The Court limited its holding in *Richardson* to "a private firm, systematically organized to assume a major lengthy administrative task . . . with limited direct supervision by the government, [which] undertakes

---

[8]       There is no dispute that Rinchem's conduct constituted state action. *See Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000); *see also* R., doc. 1 at 4 (complaint assertion that Rinchem was acting under color of state law).

that task for profit and potentially in competition with other firms." *Richardson* , 521 U.S. at 413. The Court specifically noted that its holding "d[id] not involve a private individual briefly associated with a government body, serving as an adjunct to government in an essential governmental activity, or acting under close official supervision." *Id.* ; *see also Bartell v. Lohiser* , 215 F.3d 550, 557 (6th Cir. 2000) (recognizing private party closely supervised by state may assert qualified immunity).

The record here provides no relevant facts to discern whether Rinchem was closely supervised by NMED and, therefore, entitled to assert qualified immunity. At best, the record indicates that NMED representatives were present when the warrant was executed. Thus, there is a genuine issue of fact whether Rinchem acted autonomously or under the close supervision and control of NMED. If, on remand, the district court concludes that Mr. Eden stated a constitutional violation with respect to his warrant execution and due process claims, the court must consider whether Rinchem is protected by qualified immunity under the test set forth in *Richardson* .

Lastly, Mr. Eden asserts state-law conversion and trespass claims against Rinchem. "Conversion is the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a

wrongful detention after demand has been made." *Sec. Pac. Fin. Servs. v. Signfilled Corp.*, 956 P.2d 837, 842 (N.M. Ct. App. 1998). Trespass is the "unauthorized entry upon the land of another." *North v. Pub. Serv. Co. of N.M.*, 608 P.2d 1128, 1129 (N.M. Ct. App. 1980). The district court granted summary judgment on these claims because all alleged activities by Rinchem occurred during the execution of a lawful warrant. We agree with the district court that Rinchem acted pursuant to a valid administrative search and seizure warrant. [9] The affidavits supporting the application for the warrant set forth probable cause for issuance of the warrant. And the Hazardous Waste Act permitted seizure of hazardous wastes. *See* N.M. Stat. Ann. § 74-4-4.3. Thus, there was no conversion or trespass by Rinchem.

In summary, we affirm the district court's conclusions that Mr. Eden failed to present a constitutional claim concerning probable cause to issue the search warrant and the lawfulness of the warrant. We also affirm the court's decision that there was no trespass or conversion. We remand to the district court to consider Mr. Eden's claims that the warrant was unconstitutionally executed and he was denied due process during the deprivation of his property.

---

[9] Even Mr. Eden suggests the warrant may "possibly" be valid and the validity of the warrant is "irrelevant," because most items Rinchem seized were not listed in the warrant. Aplt. Reply Br. at 3.

C.  MS. ORTIZ

1.  ABSOLUTE IMMUNITY

Mr. Eden argues the district court improperly granted absolute immunity to Ms. Ortiz for her application for the search warrant.  In granting Ms. Ortiz's motion to dismiss, the district court held that her actions were within the prosecutorial duties of initiating an agency enforcement action and therefore entitled to absolute immunity.  We conclude that the district court erred in granting Ms. Ortiz's motion to dismiss on the ground of absolute immunity.

We review the district court's dismissal and its absolute immunity determination de novo.   *See Duran*, 238 F.3d at 1270 (Rule 12(b)(6) dismissal); *Scott*, 216 F.3d at 908 (absolute immunity).  To decide whether Ms. Ortiz's actions are entitled to absolute immunity, we apply a functional approach, looking at the type of function she performed; we do not consider her identity.     *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997);   *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).  Ms. Ortiz "bears the burden of showing that such immunity is justified for the function in question."    *Burns v. Reed*, 500 U.S. 478, 486 (1991).

> "[S]tate attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings" are "absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial . . . process.'"    *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991) (quoting     *Imbler v. Pachtman*, 424 U.S. 409, 430-31 . . . (1976)).  Absolute immunity does not extend to actions "that are primarily investigative or

-15-

administrative in nature," though it "may attach even to such administrative or investigative activities 'when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court.'" *Id.* (quoting *Snell v. Tunnell*, 920 F.2d 673, 693 (10th Cir. 1990)). . . . "The more distant a function is from the judicial process and the initiation and presentation of the state's case, the less likely it is that absolute immunity will attach." *Id.* (citing *Snell*, 920 F.2d at 687).

*Scott*, 216 F.3d at 908-09. It is not always easy to identify acts entitled to absolute immunity; advocacy, however, is the determinative factor. *Rex v. Teeples*, 753 F.2d 840, 843 (10th Cir. 1985); *see also Imbler*, 424 U.S. at 431 n.33 (recognizing it will be difficult to draw line between advocacy and other functions); *Prince v. Hicks*, 198 F.3d 607, 612 (6th Cir. 1999) (whether prosecutor acts as investigator or as advocate depends on specific circumstances of case).

In this case, we must decide whether Ms. Ortiz's conduct was administrative or investigative in nature or whether she engaged in conduct of an advocate. Relying on the holding in *Burns v. Reed*, 500 U.S. 478, Ms. Ortiz argues she acted as an advocate and was entitled to absolute immunity. In *Burns*, the Court held that a prosecuting attorney's participation in a probable cause hearing, which was held after an arrest, by appearing before the judge and presenting evidence to support an application for a search warrant, was entitled to absolute immunity. The Court reasoned that the prosecutor acted as an advocate, the judge's issuance of a search warrant was a judicial act, and the prosecutor's

appearance at the probable cause hearing was "intimately associated with the judicial phase of the criminal process." 500 U.S. at 491-92 (quotation omitted). Notably, however, the *Burns* decision concerned only the prosecutor's "participation in the hearing and not . . . his conduct outside of the courtroom relating to the warrant." *Id.* at 487. [10]

In this case, Ms. Ortiz did not participate in the hearing. R. doc. 1, ex. A (indicating Mr. Voss submitted application for warrant to state-court judge). Rather, only at issue is her preparation and signing of the application for the administrative search warrant. We are convinced that absolute immunity is unavailable under the specific circumstances presented here.

While we agree with Ms. Ortiz's assertion that obtaining an administrative search warrant was a preliminary step before initiating civil proceedings under the New Mexico Hazardous Waste Act, Aplee. Br. at 29, the step was so preliminary as to be an investigatory and not an advocacy step. There is a difference between evaluating evidence in order to prepare for trial and searching for evidence that might give probable cause to bring an action. *See Buckley*, 509 U.S. at 273; *see also Burns*, 500 U.S. at 495 (rejecting notion that absolute immunity is expansive

---

[10]   Just as the Supreme Court has not clarified whether preparation of an application for an administrative warrant is prosecutorial or investigative activity, other courts also have not definitively decided the issue. *See generally* Annotation, Immunity of Prosecutor from Suit, 67 A.L.R. Fed. 640, 652-57 (1984 & Supp. 2003).

enough to include any action by prosecutor that relates to ultimate decision to prosecute); *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998) ("Although all investigative activity could be considered in some sense to be 'preparing for the initiation of judicial proceedings,' the Supreme Court has sought to draw a line between those preparatory steps that a prosecutor takes to be an effective advocate of a case already assembled and those investigative steps taken to gather evidence.") (quoting *Buckley*, 509 U.S. at 273). An attorney engages in an investigatory function if the attorney makes a "preliminary gathering of evidence that might ripen into a potential prosecution." *Snell*, 920 F.2d at 692 (quotation omitted).

Ms. Ortiz's conduct occurred before she could possibly claim to be acting as an advocate. *See Buckley*, 509 U.S. at 275; *see also Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001) (investigating done as detective, after filing crime report and before empaneling grand jury, rather than as advocate, is not protected by absolute immunity); *Prince*, 198 F.3d at 612-13 (holding prosecutor was not entitled to absolute immunity because investigation was not intimately associated with judicial phase of criminal process). She was not evaluating evidence already assembled. *See Buckley*, 509 U.S. at 273. At most, she was engaged in the preliminary gathering of evidence that potentially could result in further NMED action against Mr. Eden. *Cf. Malley v. Briggs*, 475 U.S. 335,

340-43, 344 n.6 (1986) (holding that police officer who applies for warrant is not absolutely immune from suit because applying for warrant precedes first phase of criminal proceedings, which is seeking indictment); *Rex*, 753 F.2d at 844 (holding prosecutor's interrogation of suspect was type of police work and therefore not subject to absolute immunity). Thus, she did not act as an advocate in preparing and submitting the application.

Ms. Ortiz does not contend that she had cause to initiate an action against Mr. Eden before the investigation. And her later initiation of an action did not retroactively transform the investigative work into prosecution. *See Buckley*, 509 U.S. at 275-76.

Additionally, Ms. Ortiz's actions are not absolutely immune because she is an agency attorney. *See id.* at 273. Her title as a Special Assistant Attorney General and Assistant General Counsel to NMED is not dispositive to a consideration of whether she acted as an advocate. *See id.* at 269.

Absolute prosecutorial immunity is justified "only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct." *Burns*, 500 U.S. at 494. We therefore hold that absolute immunity is unavailable to Ms. Ortiz's activity of applying for an administrative search warrant, because she was acting in an investigative and not

a prosecutorial capacity at the time of application. Accordingly, we reverse the district court's grant of absolute immunity to Ms. Ortiz.

## 2. QUALIFIED IMMUNITY

Ms. Ortiz argues that if she is not entitled to absolute immunity, she is entitled to qualified immunity. An attorney acting in an investigative capacity may be entitled to qualified immunity. *See Buckley*, 509 U.S. at 273; *Scott*, 216 F.3d at 908-09. Once a defendant asserts qualified immunity, the plaintiff bears the burden of showing that the defendant's conduct violated a constitutional right and that the right was clearly established. *Snell*, 920 F.2d at 696.

Because the district court decided Ms. Ortiz was entitled to absolute immunity, the court did not reach her alternative argument that she was entitled to qualified immunity. Mr. Eden did not address qualified immunity in either the district court or on appeal. Qualified immunity issues should "be resolved in the first instance by the trial court," because qualified immunity is an "objective legal inquiry," which is "fact-specific." *Id.* Accordingly, we remand to the district court to address the qualified immunity issue in the first instance.

## D. MR. MAGGIORE

Mr. Eden argues the district court wrongly concluded the allegations of conspiracy against Mr. Maggiore were insufficient. He also argues that his allegation that Mr. Maggiore "approved and ratified" Ms. Ortiz's and Mr. Voss'

actions sufficiently alleged both a conspiracy by Mr. Maggiore with Mr. Voss and Ms. Ortiz to violate his rights and supervisory liability because Mr. Maggiore was in a supervisory position over Mr. Voss and Ms. Ortiz. The district court decided that the doctrine of respondeat superior did not apply, that Mr. Eden did not allege that Mr. Maggiore caused Ms. Ortiz to violate Mr. Eden's constitutional rights, and that the bare allegation that Mr. Maggiore approved Ms. Ortiz's actions failed to state a claim upon which relief could be granted under Rule 12(b)(6). Also, the court dismissed the conspiracy claim because it lacked the requisite specificity to state a claim.

As we noted before, we review the district court's Rule 12(b)(6) dismissal de novo. *Duran*, 238 F.3d at 1270. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation omitted), *cert. denied*, 124 S. Ct. 1411 (2004). "Dismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1244 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making this review, courts take the complaint's factual allegations as true. *Zinermon v.*

-21-

*Burch*, 494 U.S. 113, 118 (1990). "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his] claims." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), *cert. denied*, 123 S. Ct. 1908 (2003).

Supervisor liability "requires allegations of personal direction or of actual knowledge and acquiescence." *Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) (quotation omitted). Mr. Eden "must demonstrate an affirmative link between [Mr. Maggiore's] conduct and the constitutional deprivation; liability based upon respondeat superior will not do." *Snell*, 920 F.2d at 700. Mr. Eden must show that Mr. Maggiore "expressly, or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." *Id.* Mr. Eden asserted that Mr. Maggiore "approved and ratified" the actions of Ms. Ortiz and Mr. Voss. Under the liberal standards afforded to pro se litigants, the assertion is legally sufficient to state a claim for relief under Rule 12(b)(6). We therefore vacate the district court's dismissal of Mr. Maggiore based on supervisory liability.

For a conspiracy claim, a plaintiff "must allege specific facts showing an agreement and concerted action among the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998); *see also Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004) (requiring plaintiff to allege by direct or

circumstantial evidence that defendants had meeting of minds or agreement).

"Conclusory allegations of conspiracy are insufficient to state a valid § 1983

claim." *Tonkovich*, 159 F.3d at 533 (quotation omitted); *see also Steele v. Fed.*

*Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (holding conclusory

conspiracy allegations are not sufficient to state a constitutional claim). Although

we recognize that the nature of conspiracy is such that it is often impossible to

provide details at the pleading stage, *Brever v. Rockwell Int'l Corp.*, 40 F.3d

1119, 1128 (10th Cir. 1994), read liberally, the complaint here states only

conclusory allegations of conspiracy, which are insufficient to state a claim for

relief. Accordingly, we affirm the district court's determination that the

conspiracy allegations failed to state a claim upon which relief could be granted.

E. DISMISSAL WITH PREJUDGE WITHOUT LEAVE TO AMEND THE
COMPLAINT

Mr. Eden argues the district court erred in dismissing his complaint with

prejudice without considering granting him leave to amend. Apart from a one line

request in his response to Mr. Maggiore's motion to dismiss, Mr. Eden never

requested the district court's permission to amend his complaint. This court has

held that the district court does not abuse its discretion in failing to grant a

plaintiff leave to amend if the plaintiff never properly sought leave to amend.

*See Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87

(10th Cir. 1999) (normally, district court need not grant leave to amend when

plaintiff fails to make formal motion; informal request to amend in response to motion to dismiss is insufficient if it fails to give grounds for proposed amendment and merely "dangl[es]" at end of response). Mr. Eden's first suggestion that he should be granted leave to amend his complaint in the entirety was made to this court. Yet he does not indicate how he would amend his complaint. Accordingly, we reject Mr. Eden's assertion that the district court erred in failing to grant him leave to amend his complaint.

F. UNKNOWN DOES 1-10

Mr. Eden argues the district court's dismissal without prejudice of the unknown Does 1-10 should be reversed with the direction that he be allowed to conduct sufficient discovery to determine their identities and to allow time to amend the complaint once he discovers their identities. In light of our remand on other issues, we conclude Mr. Eden will have an opportunity to conduct discovery.

G. FAILURE TO APPEAR AT PRETRIAL CONFERENCE

Mr. Eden argues the district court erred in awarding defense counsel attorney's fees and costs under Fed. R. Civ. P. 16(f) when the court specifically stated it would not impose sanctions against him. Mr. Eden did not appear for a Rule 16 scheduling conference due to car trouble. Accepting that Mr. Eden's failure to attend was a matter outside his control, the district court declined to

impose sanctions against him under Rule 16(f). Instead, the court ordered, pursuant to Rule 16(f), that Mr. Eden reimburse opposing counsel for one hour of attorney time at the rate of $150.00 per hour and travel costs of $42.34.

An award of attorney's fees and expenses is part of a broad range of sanctions available to a district court under Rule 16(f)[11] to impose on a party for that party's failure to appear at a scheduling conference. 3 James Wm. Moore et al., Moore's Federal Practice ¶ 16.15[1] (3rd ed. 2003); *see Comcoa, Inc. v. NEC Tels., Inc.*, 931 F.2d 655, 667 (10th Cir. 1991) (referring to award of attorney's fees and expenses as sanction); *see also Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996) (recognizing punitive purpose of Rule 16(f)).

Thus, under Rule 16, the district court had authority to impose attorney's fees and expenses as a sanction. It was therefore inconsistent for the district court to impose attorney's fees and expenses against Mr. Eden and to declare it

---

[11] Rule 16(f) provides in pertinent part:

**Sanctions**. If . . . no appearance is made on behalf of a party at a scheduling . . . conference, . . . the judge . . . may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). *In lieu of . . . any other sanction*, the judge shall require the party . . . to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added).

was not imposing a sanction. Accordingly, on de novo review, we vacate the award of attorney's fees and expenses. *See Utah Women's Clinic, Inc. v. Leavitt*, 136 F.3d 707, 709 (10th Cir. 1998) (reviewing de novo legal analysis underlying sanction imposition). We remand to the district court for further proceedings.

III. CONCLUSION

We reverse the district court's dismissal of Eberline, affirm in part and vacate in part the dismissal of Rinchem after granting Rinchem summary judgment, reverse the dismissal of Ms. Ortiz, affirm in part and vacate in part the dismissal of Mr. Maggiore, and vacate the award of attorney's fees and costs. We remand for further proceedings concerning Eberline, Rinchem, Ms. Ortiz, Mr. Maggiore, and the award of attorney's fees and costs. In remanding, we make no comment upon the merits of any of Mr. Eden's claims. On remand, the district court may take any necessary steps to consider Mr. Eden's claims.

The judgment of the district court is AFFIRMED in part, REVERSED in part and VACATED in part, and the action is REMANDED to the district court for further proceedings. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge